**CITY OF ASPERMONT, Appellant,**

v.

**ROLLING PLAINS GROUNDWATER CONSERVATION DISTRICT,**
Appellee.

No. 11–07–00009–CV.

Court of Appeals of Texas,
Eastland.

May 8, 2008.

Rehearing Overruled June 12, 2008.

Rick D. Davis, Jr., Steven C. Hofer, Cotton. Bledsoe, Tighe & Dawson, Midland, for appellant.

R. Lambeth Townsend, Michael A. Gershon, Joyce Beasley, Lloyd Gosselink, Austin, for appellee.

Panel consists of: WRIGHT, C.J., Chief Justice McCALL, J., and HILL, J.*

## OPINION

JIM R. WRIGHT, Chief Justice.

This is an accelerated appeal from an order denying the City of Aspermont's plea to the jurisdiction. Rolling Plains Groundwater Conservation District filed suit against Aspermont after Aspermont failed to file monthly reports and refused to pay export fees for the water that it transported out of the district. Rolling Plains sought to recover monetary damages from Aspermont for overdue transportation/export fees, late fees, penalties of $10,000 per day per violation, attorney's fees, and various costs. Rolling Plains also requested that the trial court construe the applicable legislation; declare that Aspermont is subject to and must comply with the water conservation rules and regulations; and enforce the rules requiring that Aspermont pay the requested fees, penalties, and costs. Aspermont filed a plea to the jurisdiction in which it asserted sovereign immunity, urging that it was immune from the suit filed by Rolling Plains and that immunity had not been waived. We affirm in part and reverse and render in part.

In the sole issue on appeal, Aspermont argues that the trial court erred

---

* John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

in denying its plea to the jurisdiction. Sovereign immunity, encompassing both immunity from suit and immunity from liability, protects the state and its political subdivisions, including cities, from lawsuits for money damages. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex.2006). Sovereign immunity from suit bars a suit against the state or its political subdivisions unless immunity has been waived or the legislature has expressly consented to the suit, which it may do by statute or resolution. *Id.; Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853–54 (Tex.2002). As a general rule, courts in Texas have deferred to the legislature to waive sovereign immunity. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex.2007); *Reata*, 197 S.W.3d at 375; *IT–Davy*, 74 S.W.3d at 857. Courts may not construe a statute as constituting a waiver of sovereign immunity "unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007). Because immunity from suit deprives a trial court of subject-matter jurisdiction, it can be raised for the first time on appeal and is reviewed de novo by an appellate court. *Reata*, 197 S.W.3d at 374; *IT–Davy*, 74 S.W.3d at 855.

Rolling Plains contends that immunity has been waived by statute and by the regulatory nature of this case. Also, Rolling Plains strenuously argues that Aspermont and other municipalities, except those expressly exempted, are subject to the applicable water conservation rules and regulations and that municipalities must be subject to these rules and regulations in order to conserve our natural resources as mandated by the Texas Constitution. Because this is an interlocutory appeal from an order denying a plea to the jurisdiction based on sovereign immunity, the issue is not whether Aspermont or any other governmental entity is subject to the water conservation rules and regulations but, rather, whether Aspermont is immune from this suit.

Aspermont, as a political subdivision of the state, is entitled to sovereign immunity unless that immunity has been waived. *See City of Galveston*, 217 S.W.3d 466. First, we note that Rolling Plains has not obtained the legislature's permission to sue Aspermont; therefore, immunity has not been waived by the express consent of the legislature. *See id.* at 474. Next, we consider whether immunity has been waived by legislation.

Rolling Plains is a groundwater conservation district that was created pursuant to TEX. CONST. art. XVI, § 59 and TEX. WATER CODE ANN. ch. 36 (Vernon 2000 & Supp.2007). Rolling Plains, originally named the Haskell/Knox County Underground Water Conservation District, was created by the legislature in 1993.[1] In 2001, the legislature added Baylor County to the district and changed its name to the Rolling Plains Groundwater Conservation District.[2] Rolling Plains was given all of the powers and duties provided for in Chapter 36. In 2003, the legislature amended the provisions relating to Rolling Plains and, in doing so, took away the exemption that had previously applied to the water wells at issue in this case.[3] The three wells at issue are located in Haskell County but are owned and operated by either Aspermont, which is in Stonewall County, or the Stonewall County Water

---

1. Act of May 26, 1993, 73rd Leg., R.S., ch. 1028, 1993 Tex. Gen. Laws 4435.

2. Act of April 20, 2001, 77th Leg., R.S., ch. 38, 2001 Tex. Gen. Laws 68.

3. Act of May 28, 2003, 78th Leg., R.S., ch. 992, 2003 Tex. Gen. Laws 2896.

Control and Improvement District No. 1. The water produced from these wells is transported outside of Rolling Plains's coverage area to Aspermont and constitutes approximately 66% of the water supplied to the citizens of Aspermont. The wells had been exempt from regulation pursuant to Section 36.121.[4] The 2003 legislation provided, however, that Section 36.121 of the Water Code no longer applied to Rolling Plains. The 2003 legislation also provided that Rolling Plains was no longer subject to the supervision of the Texas Natural Resource Conservation Commission and that Rolling Plains could assess production fees or export fees of seventeen cents per thousand gallons of water (as compared to the 2.5 cents provided for in Section 36.122(e)).

■ Although there are provisions within Chapter 36 that specifically relate to municipalities, there are no provisions in that chapter or in the Rolling Plains legislation that clearly and unambiguously waive the immunity of a municipality from suit. Section 36.102 provides for the enforcement of a district's rules and regulations by injunction or other appropriate remedy in a court of competent jurisdiction and allows a district such as Rolling Plains to set reasonable penalties not to exceed $10,000 per day per violation—with each day of a continuing violation constituting a separate violation—and to seek attorney's fees, costs for expert witnesses, and other costs of court. Section 36.102 does not specifically authorize a suit against a political subdivision or a municipality; nor, for that matter, does it specifically authorize the assessment of penalties against a political subdivision or municipality.[5] We note that the penalties in this case could potentially be astronomical for Aspermont, with three wells having daily violations for missing reports and for overdue transportation fees that date as far back as May 2004.

■ We also cannot interpret the session laws specifically relating to Rolling Plains as constituting a waiver of sovereign immunity from suit. The obvious effect of the provision in the 2003 legislation regarding Section 36.121 was to nullify exemptions from regulation by Rolling Plains that were previously held by munic-

---

4. Section 36.121 exempts from regulation a well and any water produced by a well that (1) is located in a county that has a population of 14,000 or less, (2) is to be used solely to supply a municipality that has a population of 121,000 or less, and (3) is owned by either a non-municipal political subdivision or a municipality that has a population of 100,000 or less and that owned the rights to the water before the date on which the district was created. Section 36.121 also provides that a conservation district may not prohibit the political subdivision or municipality from transporting water either inside or outside the district's boundaries.

5. Section 36.102 reads as follows:
   **Enforcement of Rules**
   (a) A district may enforce this chapter and its rules by injunction, mandatory injunction, or other appropriate remedy in a court of competent jurisdiction.
   (b) The board by rule may set reasonable civil penalties for breach of any rule of the district not to exceed $10,000 per day per violation, and each day of a continuing violation constitutes a separate violation.
   (c) A penalty under this section is in addition to any other penalty provided by the law of this state and may be enforced by complaints filed in the appropriate court of jurisdiction in the county in which the district's principal office or meeting place is located.
   (d) If the district prevails in any suit to enforce its rules, the district may seek and the court shall grant, in the same action, recovery for attorney's fees, costs for expert witnesses, and other costs incurred by the district before the court. The amount of the attorney's fees shall be fixed by the court.

ipalities or other political subdivisions pursuant to Section 36.121. This legislation, however, did not authorize a suit for money damages and did not clearly and unambiguously waive any immunity from suit held by a municipality or other political subdivision of this state.

After reviewing the applicable legislation, we can find no language constituting a clear and unambiguous waiver of sovereign immunity from suit. Consequently, we hold that Aspermont is immune from suit for monetary damages.

Rolling Plains argues that this is not merely a suit to recover money damages but that it is both regulatory and declaratory in nature. In its petition, in addition to requesting monetary damages, Rolling Plains requested that the trial court construe the applicable legislation and declare that Aspermont is subject to and must comply with the water conservation rules and regulations regarding both the filing of monthly reports showing the quantity of groundwater transported and the payment of monthly groundwater transportation fees.

■ The supreme court has held that a suit against a sovereign for monetary damages is not transformed into a viable suit by the request for a declaratory judgment and that, if the sole purpose of a declaration concerning contractual or statutory rights is to obtain a money judgment, immunity is not waived. *City of Houston v. Williams,* 216 S.W.3d 827, 829 (Tex.2007); *IT–Davy,* 74 S.W.3d at 855. Sovereign immunity from suit cannot be circumvented "by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim." *Williams,* 216 S.W.3d at 829; *IT–Davy,* 74 S.W.3d at 856.

In *Williams,* a group of retired firefighters sued the City of Houston to recover amounts deducted from payments they received upon termination. The firefighters asserted that Houston had improperly calculated the amounts that were owed to them pursuant to the Texas Local Government Code. 216 S.W.3d at 828. The supreme court determined that, even though the firefighters requested a declaratory judgment construing the statute, the firefighters' injuries had already occurred and that the only plausible remedy was an award of money damages. *Id.* at 829. The firefighters' request for declaratory relief did not alter the nature of the suit, avoid Houston's immunity from suit, or confer jurisdiction in the trial court. *See id.*

■ We find that *Williams* controls the outcome of this case to the extent that Rolling Plains seeks a judgment for money damages for injuries that have already occurred, i.e., the past due fees, penalties, and other costs. However, as distinguished from *Williams,* Rolling Plains does not merely attempt to transform a suit for monetary damages into a request for declaratory relief. In its petition, Rolling Plains also asserts a viable request for declaratory relief for present and future purposes. As to this request for statutory construction and prospective relief, we agree with the reasoning and holding of our sister court in *Anderson v. City of McKinney,* 236 S.W.3d 481 (Tex.App.–Dallas 2007, no pet.). In *Anderson,* the court determined that McKinney was immune from suit to the extent that the plaintiff firefighters asserted a statutory claim for back pay but that McKinney was not immune from the firefighters' suit to the extent it sought prospective relief in the form of declaratory, injunctive, and mandamus relief that would force McKinney to comply with the statute in the future. 236 S.W.3d at 483–84.

The people of Texas, through Article XVI, section 59 of the Texas Constitution, have mandated that the preservation and conservation of all natural resources are public rights and duties. Accordingly, the legislature has complied with the constitutional mandate by providing for the creation of groundwater conservation districts such as Rolling Plains. In enacting the water conservation legislation, the legislature did not provide a blanket exemption to political subdivisions and municipalities; it did, however, in certain circumstances, exempt some political subdivisions and municipalities. *See* Chapter 36. Thus, the legislature clearly intended for Chapter 36 to apply to political subdivisions and municipalities unless specifically exempted. The conservation districts must have some recourse to seek a determination as to whether a certain political subdivision or municipality is exempt under Chapter 36 or other applicable legislation and to enforce the rules and regulations against those political subdivisions and municipalities that are not exempt. Such recourse does not constitute a suit for monetary damages even though it may indeed subject a municipality to future fees or prospective monetary liabilities.

We conclude, therefore, that Aspermont is not immune from the causes of action asserted by Rolling Plains for the construction of the applicable legislation and for a declaration regarding whether Aspermont is subject to and must comply with the rules and regulations of Rolling Plains. Aspermont, however, is immune from Rolling Plains's cause of action seeking monetary damages for the past due fees, penalties, and costs. Aspermont's issue on appeal is sustained in part.

The trial court's order denying the plea to the jurisdiction is reversed as to Rolling Plains's cause of action seeking monetary damages for past due fees, penalties, and costs; we render judgment dismissing this cause of action for want of jurisdiction. We affirm the trial court's order denying the plea to the jurisdiction as to Rolling Plains's causes of action seeking a construction of the applicable legislation and a declaration that Aspermont is subject to and must comply with the applicable rules and regulations.