**ROLLING PLAINS GROUNDWATER CONSERVATION DISTRICT, Petitioner,**

v.

**CITY OF ASPERMONT, Texas, Respondent.**

No. 08–0591.

Supreme Court of Texas.

Oct. 21, 2011.

R. Lambeth Townsend, Michael Allan Gershon and Joyce Beasley, Lloyd, Gosselink, Blevins, Rochelle & Townsend, P.C., Austin, for Rolling Plains Groundwater Conservation District.

Rick D. Davis Jr., Cotton Bledsoe Tighe & Dawson, P.C., Midland, for City of Aspermont, Texas.

Gregory M. Ellis, Attorney at Law, League City, for Amicus Curiae Harris–Galvestone Subsidence District.

Gregory M. Ellis, Attorney at Law, League City, for Amicus Curiae Lone Star Groundwater Conservation District.

Monique Millsci Norman, Attorney at Law, Thomas R. Phillips, Baker Botts L.L.P., Austin, for Amicus Curiae Texas Alliance of Groundwater Districts.

PER CURIAM.

Rolling Plains Groundwater Conservation District sued the City of Aspermont for water transportation fees and for a declaration that the City must comply with the District's rules. The court of appeals held that governmental immunity barred the District's claim for payment but not its declaratory judgment action. 258 S.W.3d 231, 236. While this appeal was pending, we decided *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368–69 (Tex.2009), which is consistent with the court of appeals' ultimate holding with respect to the District's claim for past due fees, penalties, and costs. Consequently, we reject the District's arguments to the contrary. The City did not seek review of the court of appeals' declaratory judgment holding. Accordingly, we affirm the court of appeals' judgment.

The City, located in Stonewall County, operates water wells that are outside city limits but within the District boundaries of Haskell, Knox, and Baylor counties.[1] The wells supply roughly two-thirds of the City's water, which the City transports from the District to Stonewall County. The wells were exempt from regulation until 2003, when the Legislature authorized the District to assess limited export fees or production fees for water transported outside District boundaries.[2] Act of May 28, 2003, 78th Leg., R.S., ch. 992, § 1, 2003 Tex. Gen. Laws 2896. Accordingly, the District amended its rules and adopted such fees.

The District sued after the City refused to pay export fees for water it transported outside the District. In addition to the export fees, the District sought late payment fees, civil penalties,[3] attorney's fees, and costs. The District also sought a declaration "that as an owner or operator of groundwater wells located within the District and as a transporter of groundwater outside of the District, Aspermont is bound by and must comply with" the District's enabling act, chapter 36 of the Water Code, and the District's rules.

The City filed a plea to the jurisdiction on the basis of governmental immunity. The trial court denied the plea, and the

1. The District was created pursuant to article XVI, section 59 of the Texas Constitution and chapter 36 of the Texas Water Code. TEX. CONST. art. XVI, § 59; TEX. WATER CODE ch. 36; *see also* Act of May 26, 1993, 73rd Leg., R.S., ch. 1028, 1993 Tex. Gen. Laws 4435, *amended by* Act of April 20, 2001, 77th Leg., R.S., ch. 38, 2001 Tex. Gen. Laws 68, *and* Act of May 28, 2003, 78th Leg., R.S., ch. 992, 2003 Tex. Gen. Laws 2896.

2. The Water Code exempts from regulation

a well and any water produced or to be produced by a well that is located in a county that has a population of 14,000 or less if the water is to be used solely to supply a municipality that has a population of 121,000 or less and the rights to the water produced from the well are owned by

a political subdivision that is not a municipality, or by a municipality that has a population of 100,000 or less, and that purchased, owned, or held rights to the water before the date on which the district was created, regardless of the date the well is drilled or the water is produced. The district may not prohibit the political subdivision or municipality from transporting produced water inside or outside the district's boundaries.

TEX. WATER CODE § 36.121.

3. Water Code section 36.102(b) provides that the board of a groundwater district "by rule may set reasonable civil penalties for breach of any rule of the district not to exceed $10,000 per day per violation, and each day of a continuing violation constitutes a separate violation." TEX. WATER CODE § 36.102(b).

City appealed. Relying on *City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007), the court of appeals held that the City is immune from suit as to the District's enforcement action seeking past due fees, penalties, and costs, and rendered judgment dismissing those claims. 258 S.W.3d at 236. The court of appeals affirmed the trial court's judgment denying the City's plea as to the District's declaratory judgment action. *Id.* The District petitioned this Court for review of the immunity question; the City has not petitioned this Court to review the court of appeals' declaratory judgment holding.

▉ The City, as a political subdivision of the state, is entitled to governmental immunity [4] from a suit for money damages unless it has been waived. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex.2002). The District alleges that the Water Code waives immunity. The court of appeals concluded that it does not. 258 S.W.3d at 235. We agree with the court of appeals.

Section 36.102(a) of the Water Code provides: "[a] district may enforce this chapter and its rules by injunction, mandatory injunction, or other appropriate remedy in a court of competent jurisdiction." Tex. Water Code § 36.102(a). The court of appeals concluded that section 36.102 "does not specifically authorize a suit against a political subdivision or a municipality; nor, for that matter, does it specifically authorize the assessment of penalties against a political subdivision or municipality." 258 S.W.3d at 234. To waive immunity, the statute at issue must contain a clear and unambiguous expression of waiver. Tex. Gov't Code § 311.034; *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d

692, 696 (Tex.2003). The District contends that the court of appeals erred in failing to consider chapter 36 as a whole. The District argues that section 36.115 of the Water Code, which provides that no "person" may take certain actions without obtaining a permit from the District, waives immunity because under the Code Construction Act, a "person" includes a "governmental subdivision or agency." Tex. Water Code § 36.115; Tex Gov't Code § 311.005(2). However, the Government Code provides:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.

Tex. Gov't Code § 311.034.

▉ Here, section 36.115 can be reasonably construed as consistent with governmental immunity. The Water Code applies to private individuals and governmental entities alike, so the Code is not without meaning when construed against an asserted waiver of immunity. *See City of Midlothian v. Black*, 271 S.W.3d 791, 798 (Tex.App.-Waco 2008, no pet.). Even if the incorporation of the Code Construction Act's definition of "person" into the Water Code created an ambiguity, we must construe ambiguities in a manner that retains immunity. *Taylor*, 106 S.W.3d at 701. Thus, we agree with the court of appeals that the legislation does

---

4. Sovereign immunity refers to the State's immunity from suit and liability and protects the State and its divisions, while governmental immunity protects political subdivisions of

the State, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003).

not clearly and unambiguously waive immunity.

Aside from its textual argument, the District urges that legislative policy will be adversely affected if the City cannot be sued for its alleged noncompliance with Code provisions. If municipalities are immune from suit, it argues, then the District will be unable to effectively manage its aquifers. But "[a]s we have repeatedly noted, the Legislature is best positioned to waive immunity, and it can authorize retrospective relief if appropriate." *Heinrich,* 284 S.W.3d at 377.

Even though governmental immunity has not been waived, under *Heinrich,* "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Id.* at 372. Generally, however, only prospective relief is available; retroactive relief dictated by a court is not. *Id.* at 376–77. The court of appeals held that *City of Houston v. Williams,* 216 S.W.3d 827, 829 (Tex.2007), "controls the outcome of this case to the extent that Rolling Plains seeks a judgment for money damages for injuries that have already occurred, i.e., the past due fees, penalties, and other costs." 258 S.W.3d at 235. This remains true under *Heinrich;* thus, to the extent the District seeks retroactive relief, including past due fees, penalties, and costs, we affirm the court of appeals' judgment.

In addition to past due fees, penalties, and costs, the District sought a declaration "that as an owner and operator of groundwater wells located within the District and as a transporter of groundwater outside of the District, Aspermont is bound by and must comply with" the District's enabling act, Chapter 36 of the Texas Water Code, and the District's Rules. The court of appeals held that the City "is not immune from the causes of action asserted by Rolling Plains for the construction of the applicable legislation and for a declaration regarding whether Aspermont is subject to and must comply with the rules and regulations of Rolling Plains." 258 S.W.3d at 236. The City has not challenged that part of the court of appeals' judgment and in fact urges us to allow the trial court to decide the District's declaratory judgment action. Thus, that part of the court of appeals' judgment is not before us. *Turtle Healthcare Group, L.L.C. v. Linan,* 337 S.W.3d 865, 869 (Tex.2011).

Because the District's claim for past due fees, penalties, and costs would result in the payment of retroactive monetary damages, the court of appeals correctly concluded that governmental immunity bars the claim. Accordingly, without hearing oral argument, we grant the petition for review and affirm the court of appeals' judgment. Tex.R.App. P. 59.1, 60.2(a).