# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00343-CV

### In re Hays County Sheriff's Department and Hays County District Attorney's Office[1]

### ORIGINAL PROCEEDING FROM HAYS COUNTY

### M E M O R A N D U M   O P I N I O N

Relators Hays County Sheriff's Department and Hays County District Attorney's Office (collectively, the "County") seek a writ of mandamus compelling the trial court to rule on their plea to the jurisdiction. Because we conclude that the trial court abused its discretion in deferring its ruling, and the plea has been pending for an unreasonable amount of time, we conditionally grant the writ.

## BACKGROUND

In the suit underlying this mandamus proceeding, real party in interest Kevin Ficke alleges that the Hays County District Attorney and employees in the district attorney's office improperly pressured the Hays County Sheriff's Department into terminating his employment. Ficke has asserted claims against the County for breach of contract, promissory estoppel, public disclosure of a private fact, and intentional interference with contractual relations.

---

[1] Relators style their petition for writ of mandamus as "In re Hays County, incorrectly sued as Hays County Sheriff's Department and Hays County District Attorney's Office." However, we will style our opinion consistent with the pleadings before the trial court that have been made part of the record in this original proceeding.

On November 19, 2010, the County filed a plea to the jurisdiction based on governmental immunity. In its plea, the County does not challenge any allegations in Ficke's petition. Rather, the County asserts that even if the facts alleged are true, the County is immune from suit. On August 4, 2011, the trial court held a non-evidentiary hearing on the plea, but no ruling was made.

On April 13, 2012, the trial court announced that it was holding the County's plea to the jurisdiction in abeyance. On April 24, 2012, the trial court reduced the announcement to writing, informing the parties that the court intended to hold the plea in abeyance pending discovery on the issue of whether the County had by its conduct waived immunity from suit. On May 18, 2012, the County filed its petition for writ of mandamus. To date, the trial court has not yet ruled on the County's plea.

## DISCUSSION

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). To demonstrate an abuse of discretion, the relator must establish that the facts and the law permit the trial court to make but one decision. *In re University Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000) (orig. proceeding). Further, it is the relator's burden to provide this Court with a sufficient record to establish a right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

Absent a waiver, governmental entities are generally immune from suits for damages. *University of Tex. Sw. Med. Ctr. v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010). This governmental immunity deprives a trial court of subject-matter jurisdiction and may be raised by

2

a plea to the jurisdiction.[2] *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Ordinarily, a writ of mandamus is not appropriate to correct a trial court's granting or denying of a plea to the jurisdiction based on governmental immunity because an adequate remedy by appeal exists. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012). However, in this case, the County does not seek relief from a trial court order granting or denying its plea to the jurisdiction. Instead, the County seeks relief from the trial court's failure to rule on its plea.

A trial court's failure to rule on a pending matter within a reasonable amount of time constitutes a clear abuse of discretion. *See In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). When a motion is properly filed and pending before the trial court, the act of considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding)*; Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief compelling the trial court to act on a matter, a relator must establish that (1) a properly filed motion or plea has been pending for an unreasonable time, and (2) the matter was brought to the attention of the trial court and the trial court failed or refused to rule. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

---

[2] While often used interchangeably, sovereign immunity and governmental immunity involve two distinct concepts. *Witchita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n.3 (Tex. 2003). Sovereign immunity protects the State, state agencies, and their offices from suit and liability. *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 n.4 (Tex. 2011) (per curiam). Governmental immunity extends the same protections to subdivisions of the State, including counties, cities, and school districts. *Id*.

The County has provided a file-stamped copy of its plea to the jurisdiction, and the record shows that a hearing was held on the plea. Based on this record, there can be no dispute that the motion was properly filed and that the matter was brought to the trial court's attention. Therefore, the only remaining issue before us is whether the County's plea to the jurisdiction has been pending for an unreasonable amount of time.

"[N]o bright-line demarcates the boundaries of a reasonable time period." *In re Chavez*, 62 S.W.3d at 228. Whether a reasonable time for ruling has lapsed is dependent on the circumstances of each case. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228. Reasonableness is dependent upon a "myriad of criteria," including whether the trial court had actual knowledge of the motion, its overt refusal to act, the state of its docket, and the existence of other judicial and administrative matters which must be addressed first. *In re Chavez*, 62 S.W.3d at 228-29. The record in this case clearly shows that the trial court has decided to defer its ruling on the County's plea to the jurisdiction for one reason—so that limited discovery may be conducted on Ficke's assertion that governmental immunity has been waived. *See id*. at 229 (noting that relator had obligation to provide appellate court with evidence against which it "could test the reasonableness of the court's supposed delay"). Thus, we examine the reasonableness of the trial court's delay in light of that decision.

A trial court has broad discretion in managing its docket, including the scheduling of discovery, but that discretion is not unlimited. *See In re Allied Chem. Corp*., 227 S.W.3d 652, 654 (Tex. 2007) (orig. proceeding); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Further, a trial court's ruling on a plea to the jurisdiction may require the court to consider evidence relevant

4

to the jurisdictional inquiry. *Miranda*, 133 S.W.3d at 227. In such cases, the trial court has discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await fuller development of the merits of the case, mindful that this determination must be made as soon as practicable. *Id.*; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Here, the trial court decided to "await fuller development" of the evidence relevant to the limited issue of whether the conduct of the County, by and through its officers, employees, agents, and officials, created a waiver of governmental immunity. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. The County asserts that the trial court's decision to delay ruling constitutes an abuse of discretion because this waiver-by-conduct theory as a basis for waiver of immunity is invalid as a matter of law. In response, Ficke argues that the trial court's decision was proper because under current case law, "there are clearly occasions when a governmental unit can waive immunity from suit by its conduct."

Texas courts defer to the legislature to waive immunity from suit because this allows the legislature to protect its policymaking function. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002) (plurality op.). However, in *Federal Sign v. Texas Southern University*, the Texas Supreme Court suggested that "there may be other circumstances where the State may have waived its immunity by conduct other than simply executing a contract." 951 S.W.2d 401, 408 n.1 (Tex. 1997). Despite this statement, in the years since *Federal Sign*, the supreme court has repeatedly declined to apply a waiver-by-conduct exception to the requirement that sovereign immunity may only be waived by the legislature. *See, e.g.*, *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011); *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 706 (Tex. 2003); *IT-Davy*,

5

74 S.W.3d at 857 ("Creating a waiver-by-conduct exception would force the State to expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign immunity's protections—and this would defeat many of the doctrine's underlying policies."). Because of this, we have declined to recognize a waiver-by-conduct exception, absent further guidance from the supreme court. *Employees Retirement Sys. of Tex. v. Putnam*, 294 S.W.3d 309, 327 (Tex. App.—Austin 2009, no pet.); *Smith v. Lutz*, 149 S.W.3d 752, 761 (Tex. App.—Austin 2004, no pet.); *see also Leach v. Texas Tech Univ.*, 335 S.W.3d 386, 401 (Tex. App.—Amarillo 2011, pet. denied) (declining to recognize waiver-by-conduct exception); *but see Texas S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 907-08 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (concluding that State entity waived immunity by conduct under "extraordinary factual circumstances" where State entity "lured" plaintiff into contract and then disclaimed any obligation on contract).

Because this Court does not recognize the waiver-by-conduct exception asserted by Ficke, there can be no factual dispute in need of resolution with respect to this theory. The trial court abused its discretion in deferring its ruling on the County's plea to the jurisdiction in order to allow discovery on this ground. *See Walker*, 827 S.W.2d at 840 ("A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion."). Accordingly, the trial court's more than thirteen-month delay in ruling on the County's plea to the jurisdiction is unreasonable. *See City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (thirteen-month delay on ruling on plea to jurisdiction was abuse of discretion); *see also In re Kleven*, 100 S.W.3d 643, 644-45 (Tex. App.—Texarkana 2003, orig.

6

proceeding) (five and six-month delays on ruling on discovery motions was abuse of discretion); *In re Shredder*, 225 S.W.3d at 679-80 (eight-month delay on ruling on motion to compel arbitration after hearing was abuse of discretion); *Safety-Kleen Corp.*, 945 S.W.2d at 269 (ten-month delay in setting hearing on motion to compel discovery was abuse of discretion); *O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding) (thirteen-month delay in ruling on motion for appointment was an abuse of discretion).

## CONCLUSION

Based on the record before us, we conclude that the County's plea to the jurisdiction has been pending for an unreasonable amount of time. Accordingly, the trial court's failure to rule on the plea constitutes an abuse of discretion. *See In re Chavez*, 62 S.W.3d at 228. If mandamus relief is not granted, the County will lose its "substantial rights to an interlocutory appeal specifically provided by the [l]egislature with the purpose of avoiding the expense of pretrial discovery and attending mediation." *See City of Galveston*, 93 S.W.3d at 592. Thus, the County does not have an adequate remedy by appeal. *See id*. Accordingly, we conditionally grant the writ of mandamus. The trial court is ordered to rule on the plea to the jurisdiction. The writ will issue only if the trial court fails to comply within fourteen days.

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton and Henson
  Concurring Opinion by Justice Pemberton

Filed:   December 12, 2012

7