# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00692-CV

**North Central Texas Council of Governments, Appellant**

**v.**

**MRSW Management, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-11-002447, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## O P I N I O N

North Central Texas Council of Governments (NCTCOG) brings this interlocutory appeal from the trial court's order denying its pleas to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). For the reasons that follow, we reverse the trial court's order and render judgment dismissing appellee MRSW Managment, LLC's claims against NCTCOG.

## BACKGROUND

NCTCOG, a regional planning commission, was formed under chapter 391 of the Local Government Code. *See* Tex. Loc. Gov't Code §§ 391.001–.015; *City of Frisco v. Commission on State Emergency Commc'n*, No. 03-08-00579-CV, 2009 Tex. App. LEXIS 5314, at *5–6 (Tex. App.—Austin July 9, 2009, no pet.) (mem. op.) (recognizing NCTCOG as one of the regional planning commissions operating in the state).

In August 2010, NCTCOG entered into a "Procurement Agreement" (the Agreement) with the Texas State Administrative Agency (SAA), which is a division of the Department of Public Safety (collectively, DPS), to "procure planning services." The Agreement describes the scope of work as follows:

> NCTCOG will procure planning services for [DPS] to support statewide planning efforts in areas such as grants, management, risk assessment, investment justifications, strategic planning, part time grant management, and additional planning activities to be identified.

The terms of the Agreement include that "NCTCOG covenants and represents that it is only serving as the conduit for funding for [DPS]" and "NCTCOG does not set the project standards or judge the effectiveness of the work performed. [DPS] solely retains those rights and responsibilities."

The Agreement states that it is entered into "[p]ursuant to the Interlocal Cooperation Act, Chapter 791 of the Texas Government Code," *see* Tex. Gov't Code §§ 791.001–.035 (Interlocal Cooperation Contracts), and that "[DPS] will provide NCTCOG with selected contractors." One of the contractors that DPS selected and NCTCOG hired to provide services to DPS was MRSW, a private information and technology contractor. MRSW's services were related to homeland security grant management programs. The funds to pay for the services were to flow from DPS to NCTCOG to MRSW. Pursuant to the Agreement, NCTCOG issued purchase orders to MRSW. MRSW thereafter provided services to DPS and invoiced NCTCOG for those services.

After DPS terminated the Agreement and did not release funds to NCTCOG to pay MRSW, NCTCOG did not pay invoiced amounts to MRSW. Based upon NCTCOG's failure to pay the invoiced amounts, MRSW filed this suit in August 2011 against NCTCOG, alleging that MRSW

had provided services and that it had not been paid for those services.[1]  MRSW asserted breach of contract, sworn account, quantum meruit, attorney's fees, and declaratory relief.  NCTCOG answered and filed third party claims against the State of Texas, DPS, and its subsidiaries, SAA and Texas Homeland Security.  NCTCOG and the third party defendants filed pleas to the jurisdiction on immunity grounds.  After a hearing, the trial court granted the pleas in January 2012 and dismissed MRSW's suit and NCTCOG's third party claims.  MRSW then filed a motion for new trial only with respect to NCTCOG's plea to the jurisdiction.  The trial court granted the motion and reinstated the case against NCTCOG.  Thereafter, the parties conducted discovery, including taking numerous depositions.

In June 2012, NCTCOG filed an amended answer and plea to the jurisdiction. NCTCOG asserted governmental immunity and that it had not waived its immunity under chapter 271 of the Local Government Code.  *See* Tex. Loc. Gov't Code § 271.152 (waiving immunity of local government entity to suit for certain claims).  MRSW filed a response to the plea.  MRSW argued that NCTCOG did not have immunity under chapter 391 of the Local Government Code or, alternatively, that chapter 271 waived immunity.  Although both parties filed evidence to support

---

[1]  In a separate suit, MRSW brought claims directly against DPS and requested that the dispute be referred to the State Office of Administrative Hearings (SOAH) under Chapter 2260 of the Government Code.  *See MRSW Mgmt. LLC v. Texas Dep't of Pub. Safety,* No. 04-12-00715-CV, 2013 Tex. App. LEXIS 5369 (Tex. App.—San Antonio May 1, 2013, no pet. h.); *see also* Tex. Gov't Code §§ 2260.001–.108.  The SOAH judge concluded that the matter should be dismissed because MRSW did not have a contract that met the definition of "contract" contained in section 2260.001(1) of the Government Code.  *See MRSW Mgmt. LLC,* 2013 Tex. App. LEXIS 5369, at *3, 7.  Our sister court affirmed the trial court's order affirming SOAH's order.  *See id.* at *11.

their pleas, the relevant facts were not disputed.[2] After a hearing, the trial court denied NCTCOG's amended plea. This interlocutory appeal followed.

## ANALYSIS

NCTCOG raises three issues on appeal. It urges that the trial court erred by denying its plea to the jurisdiction because: (i) it was entitled to governmental immunity from suit and liability; (ii) governmental immunity attached in this case because the "planning and purchasing functions" performed on behalf of DPS are statutorily classified as "governmental functions and services" under section 791.003 of the Government Code; and (iii) its immunity was not waived under section 271.152 of the Local Government Code.

### Standard of Review

We review a trial court's order on a plea to the jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the pleaded facts affirmatively demonstrate that subject matter jurisdiction exists. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff. *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted

---

[2] The parties' evidence included a copy of the Agreement, purchase orders by NCTCOG to MRSW, and excerpts from depositions.

4

without allowing the plaintiffs an opportunity to amend." *Id*. at 227. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id*.; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)*.* If the jurisdictional evidence is undisputed or does not raise a fact question, the trial court must rule on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228.

We also review matters of statutory construction de novo. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). Of primary concern in construing a statute is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results." *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)). We consider the entire act, not isolated portions. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008).

**Governmental Immunity**

In its first and second issues, NCTCOG contends that it is entitled to governmental immunity from suit and liability as a political subdivision of the state and that governmental immunity attached to its actions regarding MRSW's claims because it was performing governmental functions when it entered into the Agreement with DPS and then purchased services for DPS from MRSW.

Governmental immunity deprives a trial court of subject matter jurisdiction unless the political subdivision consents to suit and is properly asserted in a plea to the jurisdiction. *See*

5

*Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 (Tex. 2011) (per curiam) (noting that political subdivisions of the state are "entitled to governmental immunity from a suit for money damages unless it has been waived"); *Miranda*, 133 S.W.3d at 225–26 (noting that sovereign immunity "properly asserted in a plea to the jurisdiction"). "When performing governmental functions, political subdivisions derive governmental immunity from the state's sovereign immunity." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citing *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007)); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("Sovereign immunity protects the State from lawsuits for money damages." (citing *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002))).

A regional planning commission, such as NCTCOG, is defined in chapter 391 of the Local Government Code as a "political subdivision of the state." *See* Tex. Loc. Gov't Code § 391.003(c); *see also id*. § 391.002(2) (defining "Commission" to mean "regional planning commission, council of governments, or similar regional planning agency created under this chapter"). As a political subdivision of the state, NCTCOG is entitled to governmental immunity from suit when it is performing governmental functions. *See City of Aspermont*, 353 S.W.3d at 759; *Williams*, 353 S.W.3d at 134.[3]

---

[3] Because we conclude that NCTCOG's challenged actions were made while performing governmental functions, we do not address the applicability of the governmental-proprietary dichotomy that has been used to determine immunity from suit for tortious conduct. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006) (discussing governmental-proprietary dichotomy).

MRSW urges that governmental immunity does not apply because NCTCOG's actions—as a "mere agent of the State"—were outside the scope of its statutory authority. MRSW asserts that chapter 391 did not authorize NCTCOG to contract with a state agency like DPS or with a private party like MRSW and, therefore, that NCTCOG's actions were outside its statutory authority and subjected it to suit and liability just like any other corporation. MRSW's argument fails to take into account that the source of NCTCOG's statutory authority is not limited to chapter 391, which chapter authorizes the existence of regional planning commissions and provides that local governments may engage in regional planning as a group in a regional planning commission and still be a local government entity, not a "corporation." *See generally* Tex. Loc. Gov't Code §§ 391.001–.015 (addressing regional planning commissions in chapter of Subtitle C, "Planning and Development Provisions Applying To More Than One Type of Local Government").

The legislature expressly conferred statutory authority to regional planning commissions in parts of the Government Code, including chapter 791. NCTCOG has express authority to contract with the state or a state agency to purchase goods and services under that chapter. *See* Tex. Gov't Code §§ 791.001–.035 (Interlocal Cooperation Act). Section 791.025, titled "Contracts for Purchases," states: "A local government, including a council of governments, may agree with another local government or with the state or a state agency, including the comptroller, to purchase goods and services." *Id*. § 791.025(a). Subsection (d) of section 791.025 defines "council of governments" to mean "a regional planning commission created under Chapter 391, Local Government Code." *Id*. § 791.025(d). The Agreement and purchase orders here fall within the plain language of section 791.025: NCTCOG—a local government—agreed with DPS—a state

7

agency—to purchase services. *See id*. § 791.025(a); *Scott*, 309 S.W.3d at 930. The section does not limit the local government's choice of the provider of the goods or services.

MRSW urges that chapter 791 of the Government Code does not apply because its purpose is limited to "increas[ing] the efficiency and effectiveness of local governments." *See* Tex. Gov't Code § 791.001. MRSW argues that NCTCOG's challenged actions did not "increase the efficiency and effectiveness of local governments" and that section 791.025 "cannot be read to include the use of a local government, including a council of governments, as a mere purchasing agent for the State, where no local government or council received any benefit." Section 791.001, however, expressly authorizes local governments like NCTCOG "to contract, to the greatest possible extent . . . with agencies of the state." *See id*. We decline to interpret section 791.001 to preclude section 791.025's application here. *See Parker*, 249 S.W.3d at 396.

MRSW also urges that chapter 791 does not apply because its petition alleged that the services that it provided were for "consultation and program management services" and that these types of services do not fall within the categories of services listed in section 791.003. *See* Tex. Gov't Code § 791.003. Section 791.003 defines "governmental functions and services" to include "planning," "administrative functions," and "other governmental functions in which the contracting parties are mutually interested." *Id*. § 791.003(3)(I), (K), (N). "Administrative functions" are defined to mean "functions normally associated with the routine operation of government, including . . . purchasing." *Id*. § 791.003(1). It was MRSW's burden to affirmatively establish or raise a fact issue that immunity did not apply. *See Miranda*, 133 S.W.3d at 228. Regardless of how MRSW characterized the services that it provided to DPS in its pleadings, the undisputed evidence was that

8

NCTCOG purchased the services from MRSW for DPS and that the services concerned homeland security programs. *See id.* Based upon this evidence, we conclude that NCTCOG's challenged actions fall within the meaning of "purchasing," "planning," or other functions of mutual interest. *See* Tex. Gov't Code § 791.003(1), (3)(I), (K), (N); *Scott*, 309 S.W.3d at 932; *Miranda*, 133 S.W.3d at 228.

To the extent that MRSW argues that NCTCOG did not raise section 791.003 before the trial court, the Agreement was jurisdictional evidence before the trial court. The Agreement states that it was an "Interlocal Cooperative Agreement entered into under chapter 791 of the government code." *See* Tex. Gov't Code § 791.003(2) (defining "interlocal contract" as "a contract or agreement made under this chapter"). Based upon the undisputed evidence, we conclude that NCTCOG was performing governmental functions when it entered into the Agreement and then issued purchase orders to MRSW and that NCTCOG has governmental immunity from MRSW's claims. *See id*. §§ 791.003, .025; *Williams*, 353 S.W.3d at 134. We sustain NCTCOG's first and second issues.

**Waiver of Immunity Under Chapter 271**

In its third issue, NCTCOG contends that immunity was not waived under section 271.152 of the Local Government Code because MRSW never pleaded waiver, MRSW failed to raise a material fact issue regarding the application of section 271.152, and it is "undisputed that the goods and services at issue were provided to and for the sole benefit of DPS." *See* Tex. Loc. Gov't Code § 271.152.

9

"In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *see Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (describing distinction between immunity from suit, which bars the action, and immunity from liability). Immunity from suit may only be waived by "clear and unambiguous" language. Tex. Gov't Code § 311.034 (addressing waiver of sovereign immunity); *Tooke v. City of Mexia*, 197 S.W.3d 325, 328 n.2 (Tex. 2006) (noting that "well-established rule" that legislature may only waive sovereign immunity by "clear and unambiguous language" also applies to waiver of immunity for other governmental entities); *see Jones*, 8 S.W.3d at 638 (plaintiff must establish express consent to suit "by reference to a statute or to express legislative permission"). To defeat NCTCOG's plea then, MRSW had to affirmatively demonstrate a valid waiver of immunity by clear and unambiguous language.

Section 271.152 waives immunity to suit for certain breach of contract claims against local governmental entities. *See* Tex. Loc. Gov't Code § 271.152. A contract that is subject to the waiver in section 271.152 is defined to mean "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *See id*. § 271.151(2). NCTCOG is a "local government entity" as that term is defined in chapter 271 and, therefore, could waive its immunity from suit by entering into a contract subject to that chapter. *See id.* § 271.151(3) (defining "local government entity" to mean "a political subdivision of this state, other than a county or unit of state government as that term is defined by Section 2260.001, Government Code").

10

MRSW argues that the undisputed evidence showed that MRSW entered into a contract with NCTCOG that was subject to the chapter because it was "for providing goods or services to NCTCOG." Even if we assume that MRSW pleaded waiver before the trial court, it was undisputed that the services at issue were provided to DPS, not NCTCOG. The plain language of section 271.151 limits its reach to agreements "for providing goods or services to the local governmental entity." *See Scott*, 309 S.W.3d at 932; *see also Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838–39 (Tex. 2010) (interpreting section 271.151 to require that "goods or services" be provided to local contracting governmental entity); *East Houston Estate Apartments, LLC v. City of Houston*, 294 S.W.3d 723, 736–37 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding that City was "conduit of federal funds," "no services were provided directly to the City," and that section 271.152 did not apply and affirming trial court's order granting the City's plea to jurisdiction).

It was MRSW's burden to affirmatively establish or raise a fact issue that immunity had been waived by "clear and unambiguous language." *See Tooke*, 197 S.W.3d at 328 n.2; *Miranda*, 133 S.W.3d at 228. The undisputed evidence showed that MRSW provided services to DPS, not NCTCOG. Based upon this evidence and section 271.152's plain language, we conclude that MRSW did not establish or raise a fact issue concerning waiver of immunity under chapter 271. We sustain NCTCOG's third issue.

## CONCLUSION

For these reasons, we reverse the trial court's order denying NCTCOG's plea to the jurisdiction and render judgment dismissing MRSW's claims against NCTCOG.

11

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field
    Concurring Opinion by Chief Justice Jones, joined by Justices Goodwin and Field

Reversed and Rendered

Filed:   June 20, 2013