# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00538-CV

**Susan Combs, Texas Comptroller of Public Accounts,
and the Office of the Comptroller of Public Accounts, Appellants**

**v.**

**The Texas Civil Rights Project and Sarah Canright, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-11-001228, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

---

## CONCURRING OPINION

Subject matter jurisdiction cannot be waived or conferred by agreement. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–25 (Tex. 2004); *Good Shepherd Med. Ctr., Inc. v. State of Texas*, 306 S.W.3d 825, 837 (Tex. App.—Austin 2010, no pet.). Indeed, appellate courts have "a duty to consider a question of subject matter jurisdiction sua sponte because the district court's power to decide the merits, as well as our own, rests upon it." *Good Shepherd*, 306 S.W.3d at 837 (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–46 Tex. (1993)). Once a court determines that it lacks jurisdiction to hear a cause, then the cause must be dismissed. *Miranda*, 133 S.W.3d at 226–27 (also recognizing if pleadings do not contain sufficient facts to affirmatively demonstrate incurable jurisdictional defects, but do not affirmatively negate jurisdiction, plaintiff should be afforded opportunity to amend).

As the majority correctly notes, the primary question presented in this case is whether the "Plaintiffs' petition for pre-suit depositions under rule 202 is itself an independent suit for which sovereign immunity has not been waived, and thus the trial court erred in denying their plea to the jurisdiction." Because I agree with the majority to the extent that it holds that the trial court lacked subject-matter jurisdiction over the rule 202 proceeding, I concur in the judgment dismissing the cause for want of subject matter jurisdiction. Because I believe that the majority improperly shifts the burden to establish a valid waiver of governmental immunity, I cannot join the reasoning of the opinion. *See McCandless v. Pasadena Indep. Sch. Dist.*, No. 03-09-00249-CV, 2010 WL 1253581, at *3 (Tex. App.—Austin Apr. 2, 2010, no pet.) (mem. op.) ("Plaintiff bears the burden to affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity, which may be either by reference to a statute or to express legislative permission." (citing *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999))). I further believe that the speculation about the possible means of successfully asserting rule 202 "civil actions" against unnamed governmental entities is advisory and unwarranted. *Loaisiga v. Cerda*, 379 S.W.3d 248, 265 (Tex. 2012) (Willett, J., concurring and dissenting) ("'[T]he judicial power does not embrace the giving of advisory opinions,' and prudent development of the law requires that courts refrain from speculating on situations that may never arise." (quoting *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968))).

Here, the plaintiffs' petition requested the depositions of Combs and a designated representative of the Comptroller's Office to investigate "potential claims for violations of the Texas Constitution, Texas statutes, and Texas state agency rules and regulations." However, the

plaintiffs complain only of past violations of state law—the release to the public by the Comptroller's Office of the personal information of approximately 3.5 million Texans in 2010 and Combs' "refus[al] to take full responsibility by resigning from office." They assert that Texans are entitled to know what Combs did, what she failed to do, the damage caused, who will pay for it, and how to prevent her from doing it again. The matters the plaintiffs seek to address in the requested depositions pertain only to this past release of information, including how it occurred, who was responsible, what procedures were violated, and how many Texans were affected. The plaintiffs do not allege that any violations of the Texas Constitution, statutes, or agency rules are ongoing or will occur in the future. Rather, the facts stated in the plaintiffs' petition affirmatively establish that the release of information occurred in the past.

Because the plaintiffs have not asserted any facts on which prospective injunctive or mandamus relief could be granted, they have failed to state a proper ultra vires claim. *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 760 (Tex. 2011); *Heinrich*, 284 S.W.3d at 376–77. I therefore concur in the judgment dismissing the cause for want of subject matter jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: August 29, 2013

3