# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00594-CV

**Michael Hamilton, Appellant**

**v.**

**Mark Washington, in his Capacity as City of Austin Civil Service Director; Art Acevedo, in his Capacity as City of Austin Chief of Police; the City of Austin; and Gary Cobb and Stephen Edmonds, in their Capacity as Members of Austin Firefighters' and Police Officers' Civil Service Commission, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-11-001720, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the district court's order granting appellees' plea to the jurisdiction in a case arising under the Fire Fighters' and Police Officers' Civil Service Act. *See generally* Tex. Loc. Gov't Code §§143.001–.363 (the Civil Service Act). Austin Police Department (APD) officer Michael Hamilton was indefinitely suspended and filed a notice of appeal with the Austin Firefighters' and Police Officers' Civil Service Commission (the Commission). After the Commission rejected the appeal as deficient, Hamilton sued Mark Washington, in his capacity as the City of Austin Civil Service Director; Art Acevedo, in his capacity as the City of Austin Chief of Police; the City of Austin; and Gary Cobb and Stephen Edmonds, in their capacities as members of the Austin Firefighters' and Police Officers' Civil Service Commission (collectively "the City") seeking declaratory relief, writ of mandamus, and judgment setting aside the Commission's decision

to reject his appeal. For the reasons that follow, we affirm the district court's grant of the plea to the jurisdiction in part and reverse and remand in part.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2011, Acevedo notified Hamilton in writing that he was indefinitely suspended from APD for conduct that violated rules of both the Commission and APD.[2] *See id.* § 143.052(b), (c), (e). The notice advised Hamilton of his right of appeal to either the Commission or an independent hearing examiner. *See id.* §§ 143.052(d), .057(a). In a letter dated May 20, 2011, Hamilton's attorney informed the Commission that Hamilton requested an appeal of his indefinite suspension and elected to have the appeal heard by an independent hearing examiner. *See id.* § 143.057(b). That same day, Hamilton's attorney sent a letter to Acevedo inquiring whether he had any suggestions for a hearing examiner. *See id.* §143.057(d) (if appealing officer chooses to appeal to hearing examiner, officer and department head shall first attempt to agree on selection of hearing examiner). However, by letter dated June 1, 2011, assistant city attorney Michael L. Cronig advised Hamilton's attorney that although Hamilton's appeal was timely, it was legally deficient because it failed to include language required by section 143.010(b) of the Civil Service Act and consequently failed to invoke the jurisdiction of the Commission or a hearing examiner. *See id.* § 143.010(b) (appeal must contain statement denying charge, challenging legal sufficiency of charge, alleging action taken does not fit offense, or combination of these statements). Hamilton's attorney

---

[1] We grant appellees' second motion for leave to supplement brief.

[2] An indefinite suspension is equivalent to termination. *See* Tex. Loc. Gov't Code § 143.052(b).

2

responded with a letter to Cronig and Washington outlining the reasons he believed the notice of appeal was sufficient. On June 2, 2011, Washington notified Hamilton's attorney that because the appeal did not contain the statutorily-required language under section143.010(b), Hamilton's appeal was not properly before the Commission or a hearing examiner, and the civil service office would not take any further action to process the appeal.

Hamilton filed an "application for declaratory relief, petition for writ of mandamus, and petition to set-aside a civil service commission decision" in district court. He sought declarations that a hearing examiner's jurisdiction is invoked when an officer complies with section 143.057(b) of the Civil Service Act, his appeal complied with section 143.057(b) and invoked the hearing examiner's jurisdiction, and Acevedo and Washington had failed to comply with their statutory duties under section 143.057(d) to assist in the selection of a hearing examiner or arbitrator. He also sought declarations that section 143.010(b), if interpreted as prescribing language required to invoke a hearing examiner's jurisdiction, is unconstitutionally vague; Washington lacks authority to decide hearing examiner jurisdiction; and the hearing examiner is the proper authority to determine jurisdiction. In the alternative, he sought declarations that if the hearing examiner is not the proper authority to determine jurisdiction, then the Commission is the proper authority, it was required to hold a hearing, and its failure to do so entitles Hamilton to reinstatement.

As mandamus relief, Hamilton sought reinstatement and relief under section 143.053(f) of the Civil Service Act. *See id.* §143.053(f) (providing for compensation for time lost and restoration of benefits when officer is reinstated after appeal). In the alternative, he requested that Acevedo be ordered to agree with Hamilton on a hearing examiner, and further in the alternative

3

that Washington be ordered to request a list of qualified arbitrators. *See id.* § 143.057(d) (if officer and department head do not agree on hearing examiner within ten days, director shall request list of seven qualified neutral arbitrators). Hamilton also sought "trial de novo" pursuant to section 143.015 of the Civil Service Act and requested that the Commission's "decision" to deny his appeal be set aside, the district court hear his case de novo, and he be reinstated and paid back wages and attorney's fees. *See id.* § 143.015(a), (b) (officer dissatisfied with commission decision may appeal de novo to district court, which may grant legal or equitable relief, including reinstatement, back pay, and attorney's fees). Finally, Hamilton asserted a breach of contract claim based on the collective bargaining agreement between the City of Austin and the Austin Police Association (the Agreement) and requested relief in the form of an opportunity to have his appeal heard by an examiner and attorney's fees.

After Hamilton filed an amended petition, the City filed a plea to the jurisdiction asserting three grounds: (1) the district court lacks subject matter jurisdiction, (2) the individual defendants are not subject to suit, and (3) the City has governmental immunity. The trial court granted the plea without stating a ground. This appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

### Standard of Review

A plea to the jurisdiction challenges the court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012). A plea questioning the trial court's subject matter jurisdiction and the plaintiff's standing raises questions of law that we review de novo.

4

*Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007) (subject matter jurisdiction); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004) (standing).[3]  When, as here, a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause.  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

To make this determination, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true.  *Westbrook*, 231 S.W.3d at 405; *Miranda*, 133 S.W.3d at 226.  When the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiff should be given an opportunity to amend.  *Miranda*, 133 S.W.3d at 226–27.  If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.  *Id.* at 227.  In determining a plea to the jurisdiction, the trial court may consider any evidence the parties have submitted and must do so when necessary to resolve the jurisdictional inquiry.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

Hamilton's issues also involve matters of statutory construction, which is a question of law that we review de novo.  *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  Our primary

---

[3] Standing is a component of the trial court's subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993).

5

concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). We must also construe the Agreement. Neither the parties nor the district court has found the Agreement to be ambiguous, and we agree that it is not. Therefore, its meaning is a question of law that we review de novo. *See Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). We examine the entire contract in an effort to harmonize and effectuate all of its provisions so that none are rendered meaningless. *See id.* We do not give controlling effect to any single provision; instead, we read all of the provisions in light of the entire agreement. *See id.*

**Governmental immunity**

Sovereign immunity protects the state from lawsuits for money damages. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006). Governmental immunity affords political subdivisions, including cities, the same protection afforded the state by sovereign immunity. *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 n.4 (Tex. 2011) (per curiam); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 324. Like sovereign immunity, governmental immunity is composed of immunity from suit and immunity from liability. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Immunity from suit deprives a trial court of subject matter jurisdiction in suits against political subdivisions of the state unless the legislature has expressly consented to the suit. *Id.* Immunity from liability protects the governmental entity

6

from money judgments even when the legislature has consented to the suit. *General Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). Further, while immunity from liability is an affirmative defense, immunity from suit deprives a court of subject matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Miranda*, 133 S.W.3d at 224.

The Civil Service Act provides a limited waiver of governmental immunity from suit for appeal of a Commission decision to district court. *See* Tex. Loc. Gov't Code § 143.015. "For a suit to proceed against a governmental unit under a statute [that waives immunity], the court must first look to the terms of the Act to determine the scope of its waiver and then 'consider the particular facts of the case . . . to determine whether it comes within that scope.'" *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.) (quoting *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)) (ellipsis in original).

## DISCUSSION

Because the district court did not specify any ground for granting the City's plea to the jurisdiction, in his first issue on appeal, Hamilton challenges every ground asserted in the City's plea. Hamilton contends that the district court erred in granting the City's plea to the jurisdiction because (i) it had subject matter jurisdiction over his claims for declaratory and mandamus relief and his appeal of the Commission's "decision," (ii) he had standing to bring a breach of contract claim under the Agreement, and (iii) all named defendants are proper parties. We address his first and third arguments together and his second argument separately.

7

**Declaratory and Mandamus Relief, "Appeal of Decision," and Proper Parties**

*Jurisdiction under Civil Service Act*

In its plea, the City argued that by omitting the required language of section 143.010(b) in his notice of appeal, Hamilton failed to invoke the jurisdiction of the Commission, which in turn deprived the trial court of jurisdiction over the appeal to district court. The City thus argues that because Hamilton failed to include the language of 143.010(b), his appeal does not fall within the scope of waiver of immunity afforded under section 143.015 of the Civil Service Act, and his claims are therefore barred by governmental immunity. We agree that Hamilton's suit does not fall within the scope of immunity granted under section 143.015, but for reasons different from those asserted by the City.

The Civil Service Act outlines the disciplinary process by which a municipality may suspend an officer and the procedure for the appeal of a suspension. *See* Tex. Loc. Gov't Code §§ 143.051–.057. A police department may suspend an officer for a violation of the civil service rules. *Id.* § 143.052(b).[4] The officer may file an appeal with the Commission within ten days after the action being appealed occurred. *Id.* § 143.010(a). Section 143.010(b) provides as follows:

> The appeal must include the basis for the appeal and a request for a commission hearing. The appeal must also contain a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of the charge, a statement alleging that the recommended action does not fit the offense or alleged offense, or a combination of these statements.

---

[4] Section 143.052 applies to municipalities with populations of less than 1.5 million, which includes the City of Austin. *See* Tex. Loc. Gov't Code § 143.052(a).

8

*Id.* § 143.010(b). Section 143.057(a) requires that the letter of disciplinary action issued to an officer state that the officer "may elect to appeal to an independent third party hearing examiner instead of to the commission." *Id.* § 143.057(a). Section 143.057(b) prescribes the procedure that an officer is to follow to exercise the election to have his appeal heard by a hearing examiner instead of the commission: He must "submit to the director a written request as part of the original notice of appeal required under this chapter . . . ." *Id.* § 143.057(b). An officer who is dissatisfied with the commission's decision may appeal to the district court by trial de novo. *See id.* § 143.015; *Bracey v. City of Killeen*, 417 S.W.3d 94, 99 (Tex. App.—Austin 2013, no pet.). An officer who elects to appeal to a hearing examiner waives the right to appeal to the district court, with limited exceptions that are inapplicable here. *Id.* § 143.057(a), (j); *Bracey*, 417 S.W.3d at 99.

Hamilton contends that appeals to the Commission and appeals to a hearing examiner are two completely separate routes of appeal, section 143.010(b) does not apply when an officer elects a hearing examiner, and the hearing examiner's jurisdiction is invoked when the officer complies with section 143.057(b) by requesting an appeal to a hearing examiner. The City argues that the language of section 143.010(b) must be included in a notice of appeal to invoke the jurisdiction of the Commission even when a hearing examiner is requested and because Hamilton failed to include it so as to invoke Commission jurisdiction, the trial court had no jurisdiction over his appeal to the district court. The supreme court has held in a case involving an appeal to the Commission that the language of section 143.010(b) "is required to be included in a notice of appeal in order to invoke the jurisdiction of a civil service commission." *See City of Temple v. Bender*, 787 S.W.2d 951, 952 (Tex. 1990) (per curiam) (citing *Firefighters' and Police Officers' Civil Serv.*

9

*Comm'n of City of Houston v. Ceazer*, 725 S.W.2d 431, 433–34 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) and *City of Plano Firefighters' and Police Officers' Civil Serv. Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)); *see also City of Desoto v. White*, 288 S.W.3d 389, 397–98 (Tex. 2009) (distinguishing *Bender* and reaffirming that section 143.010(b) is jurisdictional).  However, no court has addressed the issue of whether the language of section 143.010(b) is required to invoke jurisdiction in a notice of appeal to a hearing examiner.

Although the parties join issue on whether section143.010(b) applies to appeals to a hearing examiner and devote much of their briefing to this issue, we do not find it dispositive of whether the district court had jurisdiction under the Civil Service Act to hear Hamilton's claims. Because the Commission determined that Hamilton had failed to invoke its jurisdiction, it did not hold a hearing or refer the appeal to a hearing examiner.  Consequently, Hamilton's suit is not an appeal of a decision of the Commission or a hearing examiner, and there is no Commission decision for the trial court to consider de novo nor any basis for awarding relief under section 143.015.  *See* Tex. Loc. Gov't Code § 143.015; *see also Texas Comm'n on Envtl. Quality v. Sierra Club*, No. 03-12-00625-CV, 2014 Tex. App. LEXIS 2648, at *11 (Tex. App.—Austin Mar.7, 2014, pet. filed) (mem. op.) (agency letter was merely informative and was not agency action reviewable under applicable provision of Water Code).  Rather, the underlying suit is an independent action initiated to obtain a determination of the very issue no court has yet ruled on—whether to invoke the Commission's jurisdiction an officer appealing to a hearing examiner must include the language of section 143.010(b) or need only comply with section 143.057(b) by stating that he requests a hearing examiner—and seeking relief based on a favorable decision on that issue.  Thus, Hamilton's requests

10

for declaratory and mandamus relief and his purported "appeal" of the Commission's "decision" do not fall within the waiver of immunity granted in section 143.015(b), and the district court did not have jurisdiction over Hamilton's claims under the Civil Service Act. However, even though immunity has not been waived by the Civil Service Act on the facts of this case, there are exceptions to governmental immunity, and we must determine whether Hamilton's claims for declaratory and mandamus relief fall within any exception.

### *Jurisdiction under UDJA*

Hamilton contends that the trial court has jurisdiction under the Uniform Declaratory Judgments Act (UDJA) to consider his request for a declaration of his rights under chapter 143 of the Civil Service Act and mandamus relief. The UDJA is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code § 37.002(b); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The UDJA provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a).

Although the UDJA waives immunity for certain claims, however, it is not a general waiver of immunity. *See id.* § 37.006(b); *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). It does not enlarge a trial court's jurisdiction, and a request for declaratory relief does not alter the underlying nature of a suit. *Heinrich*, 284 S.W.3d at 370; *IT-Davy*, 74 S.W.3d at 855. Therefore, governmental immunity will bar an otherwise proper UDJA

11

claim seeking to construe or invalidate a statute if the remedy has the effect of establishing a right to relief against a political subdivision that implicates immunity and for which the legislature has not waived immunity. *Sawyer Trust*, 354 S.W.3d at 388; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515 (Tex. App.—Austin 2010, no pet.).

On the other hand, requests for declaratory relief that do not attempt to control state action do not implicate governmental immunity at all. *See Heinrich*, 284 S.W.3d at 372. Suits against governmental officials alleging that they "acted without legal authority or failed to perform a purely ministerial act" and seeking to compel the officials "to comply with statutory or constitutional provisions" fall within the "ultra vires" exception to governmental immunity because they "do not attempt to exert control over the state—they attempt to reassert the control *of* the state." *Id.* Generally, however, only prospective relief is available. *Rolling Plains Groundwater Conservation Dist.*, 353 S.W.3d at 760; *Heinrich*, 284 S.W.3d at 376–77. Thus, although governmental immunity protects a city from lawsuits for retrospective money damages, a request for prospective injunctive or mandamus relief from illegal or unauthorized acts may be pursued under the UDJA against the appropriate officials in their official capacities. *Heinrich*, 284 S.W.3d at 368, 376–77; *City of Aspermont v. Rolling Plains Groundwater Conservation Dist.*, 258 S.W.3d 231, 235 (Tex. App.—Eastland 2008), *aff'd*, 353 S.W.3d 756, 758 (Tex. 2011). However, if the sole purpose of a declaration is to obtain a money judgment, immunity is not waived. *Heinrich*, 284 S.W.3d at 374.

Here, Hamilton sought declarations related to construction of the Civil Service Act, including the officials' authority and duties under the act, his compliance with the act, the officials'

12

failure to perform ministerial duties required by the act, and the constitutionality of section 143.010(b). He also sought a declaration that the Commission's failure to comply with section 143.053 entitled him to be restored to his former position and mandamus relief requiring the City of Austin to reinstate him, with back pay and lost benefits. In the alternative he sought mandamus requiring Acevedo and Washington to perform their duties under section 143.057(d) of the Civil Service Act regarding selection of a hearing examiner or, alternatively, an arbitrator. We first address Hamilton's request for reinstatement, back pay, and lost benefits.

### (i) Reinstatement, back pay, and lost benefits

The City argues that even if Hamilton had complied with section 143.010(b), as it contends he was required to do, his requests for declaratory relief would still fail because, although reinstatement is prospective relief, it is impossible on the facts of this case, and Hamilton's only possible relief is retrospective money damages in the form of back pay and lost benefits, which are barred by governmental immunity.[5] We agree that the district court did not have jurisdiction to consider Hamilton's requests for declaratory and mandamus relief requiring reinstatement, but not for the reasons asserted by the City.[6] Rather, we conclude that the district court lacked jurisdiction over Hamilton's claim for reinstatement because the Commission has exclusive jurisdiction over

---

[5] Although section 143.053(f) of the Civil Service Act authorizes the Commission to grant reinstatement, back pay, and lost benefits in an appeal of an indefinite suspension, *see id.* § 143.053(f), we have already concluded that Hamilton's suit is not an appeal of a Commission decision and immunity is not waived by section 143.015(b), which authorizes appeals of Commission decisions, *see id.* § 143.015(b).

[6] The City contends that reinstatement is impossible for reasons that are outside the appellate record.

13

such claims. "When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute." *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006) (citing *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002)); *Mitz v. Texas State Bd. of Veterinary Med. Exam'rs*, 278 S.W.3d 17, 22 (Tex. App.—Austin 2008, pet. dism'd). Whether an agency has exclusive jurisdiction is a matter of law that we review de novo. *Thomas*, 207 S.W.3d at 340. To determine whether an agency has exclusive jurisdiction requires examination and construction of the relevant statutory scheme. *Id.* When there is no express legislative indication of exclusive jurisdiction, we look to the legislative scheme to determine if the legislature intended the agency to have sole authority to make the initial determination in the dispute. *Id.* When the administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision, and if the party has not met the exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss the claims without prejudice to refiling. *Id.*; *Texas Comm'n on Envtl. Quality v. Denbury Onshore, LLC*, No. 03-11-00891-CV, 2014 Tex. App. LEXIS 7177, at *18 (Tex. App.—Austin July 3, 2014, no pet.) (mem. op) ("If an agency has exclusive jurisdiction to resolve a dispute, it is well established that a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction to review the agency's action.").

Here, although the Civil Service Act does not contain an express grant of exclusive jurisdiction to the Commission, it authorizes a police officer to appeal a disciplinary suspension to the Commission, sets out the procedure for the appeal to the Commission, and provides for appeal of a Commission decision to the district court. *See* Tex. Loc. Gov't Code §§ 143.010, .015, .053.

14

Section 143.057 allows the officer to elect to have the appeal heard by a hearing examiner, in which case appeal to the district court is limited to specified grounds. *See id.* § 143.057(b), (j). In the hearing, the hearing examiner has the same rights and duties as the Commission, *see id.* § 143.057(f), including the authority to order reinstatement upon a decision to overturn the suspension, *see id.* §143.053(e). Thus, whether the appeal is heard by the Commission or by a hearing examiner, the sole authority to make the initial decision to uphold the suspension or reverse it and grant reinstatement is afforded the official making the decision at the Commission level. *See Thomas*, 207 S.W.3d. at 340; *Subaru of Am.*, 84 S.W.3d at 221. Because Hamilton's appeal was rejected, there has been no initial determination in this dispute at the Commission level, and Hamilton has not exhausted his administrative remedies. *See Thomas*, 207 S.W.3d. at 340; *Subaru of Am.*, 84 S.W.3d at 221; *Denbury Onshore*, 2014 Tex. App. LEXIS 7177, at *27 (party that did not participate in contested case hearing failed to exhaust administrative remedies). We therefore conclude that the district court lacked subject matter jurisdiction over Hamilton's request for reinstatement and did not err in granting the City's plea to the jurisdiction as to that claim. *See Thomas*, 207 S.W.3d. at 340; *Subaru of Am.*, 84 S.W.3d at 221; *Ceazer*, 725 S.W.2d at 433–34 (holding district court was without jurisdiction to consider writ of mandamus ordering reinstatement when firefighter's notice of appeal failed to invoke commission's jurisdiction and no commission hearing was held); *Texas Racing Comm'n v. Marquez*, No. 03-09-00635-CV, 2011 Tex. App. LEXIS 6653, at *19–21 (Tex. App.—Austin Aug. 19, 2011, no pet.) (mem. op.) (where agency had exclusive jurisdiction to resolve dispute, district court lacked jurisdiction to consider merits of appeal until party exhausted administrative remedies).

Hamilton's declaratory and mandamus claims for back pay and lost benefits seek retrospective monetary compensation for salary and benefits of which he was deprived by the City's alleged wrongful actions, rather than compensation for services actually rendered, and are therefore claims for money damages that implicate governmental immunity. *See City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 633–34, 637 (Tex. App.—Austin 2007, pet. denied) (holding firefighter's claim for back pay and benefits constituted claim for loss of pay resulting from firefighter's being wrongfully prevented from working rather than for services rendered and implicated governmental immunity). Therefore, we agree with the City that governmental immunity is not waived and the district court did not err in granting the City's plea to the jurisdiction as to those claims.[7] *See Rolling Plains Groundwater Conservation Dist.*, 353 S.W.3d at 760; *Heinrich*, 284 S.W.3d at 368, 376–77; *Whiteaker*, 241 S.W.3d at 633–34, 637 (holding governmental immunity barred trial court's jurisdiction over firefighter's claim for retrospective money damages in form of back pay and benefits); *City of Seagoville v. Lytle*, 227 S.W.3d 401, 410–12 (Tex. App.—Dallas 2007, no pet.) (holding police officer's claims for declaratory, mandamus, and injunctive relief barred to extent they sought back pay or back benefits).

---

[7] Hamilton relies on section 180.006 of the Local Government Code as a waiver of immunity for suits to recover back pay in certain circumstances. *See id.* § 180.006(b). Assuming without deciding that section 180.006 applies to Hamilton's claims for retroactive back pay and lost benefits, section 180.006(e) requires a plaintiff to exhaust his administrative remedies before seeking judicial review. *See id.* § 180.006(e). As we discuss below, Hamilton has failed to exhaust his administrative remedies under the Civil Service Act.

### (ii) Constitutional argument

Hamilton sought a declaration that section 143.010(b), if interpreted to apply to an appeal to a hearing examiner, is unconstitutionally vague.[8] The UDJA expressly provides that persons may challenge statutes or municipal ordinances, *see* Tex. Civ. Prac. & Rem. Code § 37.004, and that in a challenge to a municipal ordinance, the relevant municipality must be joined, *see id.* § 37.006(b). The supreme court has interpreted the UDJA as requiring that any governmental entity affected by a statutory challenge, not only municipalities, be joined. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634 (Tex. 2010); *Heinrich*, 284 S.W.3d at 373 n.6; *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). Because governmental entities joined as parties may be bound by a court's declaration on their ordinances or statutes, the UDJA thus contemplates that governmental entities must be joined in suits to construe their legislative pronouncements and thus waives immunity. *Texas Lottery Comm'n*, 325 S.W.3d at 634; *Heinrich*, 284 S.W.3d at 373 n.6; *Leeper*, 893 S.W.2d at 446. Here, Hamilton sought a declaration challenging the validity of section 143.010(b) as applied to him and joined the City of Austin as a defendant.[9] It is apparent that the City of Austin is a governmental entity that would be affected by the court's construction of the statute. *See Texas Lottery Comm'n*, 325 S.W.3d at 634; *Heinrich*, 284 S.W.3d

---

[8] The City contends that Hamilton did not assert this argument in the district court and has therefore waived it. However, our review of the record reveals that his amended petition includes this argument, and we will consider it. The City also asserted as a ground in its plea to the jurisdiction that the City of Austin is not a proper party to this suit, an argument we address in our discussion of this issue.

[9] An "as-applied" challenge to a statute is a challenge in which the plaintiff argues that a statute, even though generally constitutional, operates unconstitutionally as to the plaintiff because of the particular circumstances. *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 n.16 (Tex. 1995).

at 373 n.6; *Leeper*, 893 S.W.2d at 446. Further, administrative agencies generally have no power to determine the constitutionality of statutes, and Hamilton was not required to exhaust his administrative remedies with the Commission before seeking a judicial determination of the statute's constitutionality. *See Mitz*, 278 S.W.3d at 23–24 (agency had jurisdiction to determine whether statute applied to plaintiff and had been violated, but no jurisdiction to determine substantive constitutionality of statute). Thus, to the extent Hamilton sought declaratory relief on constitutional grounds, his claim is not barred by immunity, and the City is a proper party as to this claim. *See Heinrich*, 284 S.W.3d at 373 n.6; *Leeper*, 893 S.W.2d at 446.

However, Hamilton also requested mandamus relief against the City of Austin requiring his reinstatement. While suits for injunctive or equitable relief generally may be maintained against governmental entities to remedy constitutional violations, *see City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (per curiam); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995); *City of Arlington v. Randall*, 301 S.W.3d 896, 906 (Tex. App.—Fort Worth 2009, pet. denied), we have already held that on the facts of this case, the doctrine of exclusive jurisdiction deprived the district court of jurisdiction over Hamilton's request for reinstatement. Therefore, we conclude that the trial court erred in granting the City's plea to the jurisdiction as to Hamilton's request for declaratory relief challenging the constitutionality of section 143.010(b), to which the City of Austin is a proper party, *see Texas Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 334 (Tex. App.—Austin 2009, pet. denied) ("Sovereign immunity does not shield a governmental entity from a suit for equitable relief for a violation of constitutional rights.") (citing *Bouillion*, 896 S.W.2d at 149), but did not err in granting the plea as to Hamilton's

18

claim for reinstatement against the City of Austin, *see Thomas*, 207 S.W.3d. at 340; *Subaru of Am.*, 84 S.W.3d at 221.[10]

### (iii) Relief relating to construction and application of the Civil Service Act

As for the remainder of Hamilton's requests for declaratory and mandamus relief, we conclude that they are properly asserted claims for prospective injunctive relief that fall within the ultra vires exception to governmental immunity. "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. Further, the complaint must be brought against the officer in his official capacity, and a successful ultra vires claimant is entitled only to prospective injunctive or mandamus relief. *Id.* at 369, 376; *Rolling Plains Groundwater Conservation Dist.*, 258 S.W.3d at 235.

Here, Hamilton sought declarations construing the Civil Service Act, finding his appeal to the Commission in compliance with the Act, and concluding that Acevedo, Washington, and the Commission failed to perform purely ministerial duties required under the Act. Hamilton brought these claims against Acevedo, Washington, and Cobb and Edmonds in their official capacities, as police chief, civil service director, and civil service commissioners, respectively. As relief, in the alternative to his request for reinstatement, he sought mandamus requiring Acevedo and

---

[10] To the extent Hamilton also contends that he was denied his due process rights, he neither raised that issue in the district court nor offers any argument or authority on it in his briefing and has therefore waived that complaint on appeal. *See* Tex. R. App. P. 33.1, 38.1(i); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (per curiam).

19

Washington to perform their duties under sections 143.057(d) to assist in the selection of a hearing examiner or, further in the alternative, an arbitrator.[11] Although Hamilton's amended petition did not contain the term "ultra vires," he did expressly characterize his claims as such in his response to the City's plea to the jurisdiction, and we agree that his allegations and requested declarations and mandamus relief are in substance ultra vires claims. *See Texas Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 622 n.2 (Tex. 2011) ("Although Sefzik refused to apply the ultra vires label to his suit below, that is the underlying nature of his claim. . . . Sefzik ultimately wishes to compel a government official [] to perform some act that he considers to be nondiscretionary (holding a hearing). That relief falls within the ultra vires rationale."); *Texas Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 259–60 (Tex. 2010) (construing allegations as ultra vires claims despite lack of use of term); *Bracey*, 417 S.W.3d at 113–14 & n.115 (claim seeking to enforce what Bracey contended was statutory prohibition against disciplinary action was in nature of ultra vires

---

[11] Mandamus is an appropriate vehicle by which a plaintiff may seek to compel an official or commission to act, and district courts generally have exclusive original jurisdiction over mandamus proceedings. *See In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999) (citing Tex. Const. art. V, § 8; Tex. Gov't Code § 24.007 (now section 24.007(a)); *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 671–72 (Tex. 1995)); *City of Temple v. Bender*, 787 S.W.2d 951, 953 (Tex. 1990) (per curiam) (reversing court of appeals' judgment upholding trial court's mandamus order requiring firefighters' and police officers' civil service commission to reinstate officer but not holding that trial court was without jurisdiction to consider mandamus); *City of Plano Firefighters' and Police Officers' Civil Serv. Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (reversing district court's order on same basis); *Cooper v. Circle Ten Council BSA*, 254 S.W.3d 689, 694 (Tex. App.—Dallas 2008, no pet.) (requestor may enforce statutory right of access to public information by seeking writ of mandamus to compel disclosure by governmental body, including a commission); *Crawford v. City of Houston*, 487 S.W.2d 179, 182 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (reversing trial court's denial of writ of mandamus instructing city and police chief to reinstate police officer when commission failed to hold hearing within 30 days as required by section 16 of article 1269 (now Tex. Loc. Gov't Code § 143.053(b)).

claim) (citing *Sefzik*, 355 S.W.3d at 620–21 & n.2). Because Hamilton sought these declarations and prospective mandamus relief against the officials in their official capacities alleging failure to perform what he contends are ministerial duties (to assist in the selection of a hearing examiner or arbitrator—and ultimately to afford Hamilton a hearing), the district court erred in granting the City's plea to the jurisdiction as to these claims. *See Heinrich*, 284 S.W.3d at 377 (holding claims for prospective relief proper as to officials in official capacity though claims for future benefits against entities must be dismissed); *Holmes*, 294 S.W.3d at 336 (allegations that commissioner exceeded authority invoked ultra vires exception to immunity); *cf. Bracey*, 417 S.W.3d at 114 (where sole relief Bracey could obtain, reinstatement, was foreclosed by hearing examiner's unappealable decision to uphold suspension, Bracey sought no relief district court had subject matter jurisdiction to award, and district court properly dismissed ultra vires claims).

**Breach of Contract**

Hamilton's final claim is one for breach of contract based on alleged violations of his rights under the Agreement. Section 271.152 of the Local Government Code provides a limited waiver of immunity for certain breach of contracts claims. *See* Tex. Loc. Gov't Code § 271.152. "According to its plain terms, the statute by clear and unambiguous language waives a governmental entity's immunity from suit for breach of written contract." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *see Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 327.

In its plea to the jurisdiction, the City did not dispute waiver of immunity under section 271.152 but instead argued that Hamilton lacked standing to sue for breach of contract

21

because he was not a party to the Agreement. Standing is a component of the trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993); *City of Fort Worth v. Davidsaver*, 320 S.W.3d 467, 472–73 (Tex. App.—Fort Worth 2010, no pet.). Under the general law of contracts, only parties to a contract have the right to complain of a breach of the agreement. *McWherter v. Agua Frio Ranch*, 224 S.W.3d 285, 290 (Tex. App.—El Paso 2005, no pet.). Hamilton contends that he was a party to the Agreement by its terms. The Agreement was entered into "by and between the City of Austin . . . and the Austin Police Association, hereinafter referred to as the 'ASSOCIATION' . . . ." "Association" is defined as "the Austin Police Association, and its officers and agents authorized to act on its behalf." "Officer" is defined as "all police officers . . . in the Austin Police Department." Hamilton contends that because he was a police officer with APD, he was a party to the Agreement and was entitled to sue for breach of contract.

Applying the plain language of the definitions contained in the Agreement, we conclude that Hamilton was not a party to the Agreement. *See Marks*, 319 S.W.3d at 663. Although Hamilton was an APD officer, he was not an officer "authorized to act" on behalf of the Austin Police Association. However, the supreme court has held that employees covered by collective bargaining agreements have standing as third-party beneficiaries to sue for breach of the agreement. *See Williams*, 353 S.W.3d at 147. As in *Williams*, the Agreement here was intended to benefit the police officers; its stated purpose is to ensure "an orderly way of conducting [the City of Austin's] relations with its police officers," and it established rates of pay, hours of work, and other conditions of employment. *See id.* at 148 (firefighters' collective bargaining agreement, which was negotiated

22

to "achieve and maintain harmonious relations between the parties" and which set pay rate, hours, and employment conditions had clear intent to benefit firefighters). We therefore conclude that Hamilton was a third-party beneficiary of the Agreement.

The City also argues that Hamilton failed to exhaust the administrative remedies required by the Agreement.[12] Much like the agreement in *Williams*, the Agreement contained a grievance procedure for "any dispute, claim, or complaint involving the interpretation, application or alleged violation of any provision of this Agreement." In *Williams*, the supreme court rejected the city's argument that the firefighters lacked standing because they had not exhausted their administrative remedies under the agreement. *Id.* at 147–48. The basis for the court's conclusion was that the firefighter plaintiffs were retired and thus no longer employees who were part of the collective bargaining unit. *Id.* Because the agreement made the grievance procedure available to "any bargaining unit firefighter," the court concluded that the grievance procedure did not apply to retirees and the retired firefighter plaintiffs did not have to exhaust their administrative remedies under the agreement. *Id.* at 148.

Here, the Agreement similarly provides that a grievance may be filed by any individual officer to whom the Agreement applies. "Officer" is defined in accordance with section 143.003 of the Local Government Code, *see* Tex. Loc. Gov't Code § 143.003(5) (police officer means member of police department appointed in compliance with Civil Service Act and entitled to civil service status), includes those hired by APD, excludes cadets, civilian employees, and

---

[12] The City additionally argues that Hamilton lacked standing to sue for breach of contract because he failed to exhaust his administrative remedies under the Civil Service Act, an issue we have already resolved in the City's favor.

23

retirees, and bars probationary officers from the grievance procedure. However, in contrast to the firefighters in *Williams*, Hamilton was an active APD officer, not belonging to any of the excluded categories, who was covered by the Agreement and bound by its grievance procedure. Therefore, we conclude that the reasoning of the supreme court in *Williams* does not apply on the facts of this case, and we agree with the City that Hamilton lacked standing to sue for breach of contract because he failed to exhaust the administrative remedies required by the Agreement. *Cf. City of Beaumont v. Fowler*, No. 09-11-00068-CV, 2011 Tex. App. LEXIS 6240, at *18–19 (Tex. App.—Beaumont Aug. 11, 2011, no pet.) (mem. op.) (affirming denial of plea to jurisdiction and holding police officer who filed grievance had standing to sue as third-party beneficiary under collective bargaining agreement).

**Summary of Conclusions on First Issue**

In summary, we conclude that the district court had jurisdiction to hear Hamilton's claims for a declaration that section 143.101(b) as applied to him is unconstitutionally vague and that the City of Austin is a proper party as to that claim. We further conclude that the district court had jurisdiction to consider Hamilton's ultra vires claims against Acevedo, Washington, Cobb, and Edmonds for declaratory and mandamus relief concerning the interpretation of the Civil Service Act, Hamilton's compliance with it, and the officials' failure to perform ministerial duties under the act. We sustain Hamilton's first issue as to these claims. We conclude that the district court lacked jurisdiction over Hamilton's claims for reinstatement, back pay, lost benefits, and breach of contract and his "appeal" of the Commission's "decision" and overrule his first issue as to those claims.

24

**Remedies**

In his second issue, Hamilton asks this Court, upon a favorable construction of the Civil Service Act, to order reinstatement and back pay or that he be afforded the opportunity to have his appeal heard by a hearing examiner. We have already determined that Hamilton's claims for reinstatement and back pay are barred by governmental immunity. Further, a determination of the proper remedy, if any, presupposes an adjudication on the merits in Hamilton's favor. Because the trial court granted the City's plea to the jurisdiction, it did not reach the merits of Hamilton's ultra vires claims for declaratory and mandamus relief, and any consideration by this Court of what, if any, remedy Hamilton might be entitled to on remand is premature. In considering the district court's ruling on a plea to the jurisdiction, we do not adjudicate the substance of the case but instead determine whether the district court had the power to reach the merits of the claim. *See City of Houston v. Southern Elec. Servs., Inc.*, 273 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554) (plea to jurisdiction should be decided without "delving into the merits of the case"). Having concluded that the district court had jurisdiction to consider Hamilton's ultra vires claims seeking alternative mandamus relief requiring a hearing before a hearing examiner, we remand so that the district court can reach that issue. We overrule Hamilton's second issue.

## CONCLUSION

Because we have concluded that Hamilton's claims for reinstatement, back pay, and lost benefits and his purported appeal of the Commission's "decision" are barred by governmental immunity and that he lacks standing to sue for breach of contract based on the collective bargaining

25

agreement, we affirm the district court's grant of the City's plea to the jurisdiction as to those claims. Having determined that the remainder of Hamilton's claims are not barred by governmental immunity, we reverse the district court's ruling to the extent it dismissed Hamilton's constitutional claim against the City of Austin and to the extent it dismissed Hamilton's ultra vires claims for declaratory and mandamus relief against the individual defendants in their official capacities. We remand this case to the trial court for further proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed in Part; Reversed and Remanded in Part

Filed:   December 23, 2014