**Reversed and Remanded and Memorandum Opinion filed April 23, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00815-CV

### JAMIL SAIFI, Appellant

### V.

### CITY OF TEXAS CITY, Appellee

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 13-CV-0436**

## M E M O R A N D U M   O P I N I O N

Appellant Jamil Saifi appeals the trial court's grant of appellee the City of Texas City's plea to the jurisdiction dismissing Saifi's claims for wrongful termination of his employment with the City's fire department. We reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

The City is governed by both the Fire Fighters and Police Officers Civil Service Act and the Fire and Police Employee Relations Act. *See* Tex. Loc. Gov't Code §§ 143.001–.403 (The "Civil Service Act"); Tex. Loc. Gov't Code §§ 174.001–.253 (the "Employee Relations Act"). Additionally, the City and the International Association of Fire Fighters Local No. 1259 are parties to a collective bargaining agreement (CBA) that governs the compensation, hours, and other conditions of employment for the City's firefighters. Under the CBA, the City has the right to "determine and establish pre-employment employee qualifications, standards, and/or terms and conditions of employment."

On December 17, 2007, Saifi signed a Conditions of Employment Agreement (the "COE Agreement") with the City and began his employment as a firefighter. The CBA in effect at the time provided that "[t]he qualifications, standards, and/or terms and conditions of employment set forth in the [COE Agreement] in effect at the completion of the one year probationary status shall become permanent."

Before he was hired, Saifi had completed basic Emergency Medical Technician (EMT) coursework, referred to as "EMT-basic," but he had not received EMT-basic certification. Saifi's COE Agreement contained the following provision concerning a requirement that firefighters obtain EMT certification within a timeframe specified by the Fire Chief:

> The City of Texas City desires that each applicant and employee already be EMT certified at the Intermediate and/or Paramedic level. However, to obtain the best possible employee, the City may hire a desirable applicant who does not yet have said certification, provided the applicant agrees to obtain the certification within the timeframe specified by the Fire Chief. *Only those new employees and/or applicants for employment who take and successfully pass the HOBET*

*Health Occupational Basic Entrance Test, COMPASS Test, or similar placement test specific to Para medicine and/or Paramedic certification in advance of employment shall be required to become Paramedic certified during the course of their employment.* Therefore, as a condition of my initial and continued employment, and as a Civil Service employee hired after December 1, 2007, I agree I am EMT (Emergency Medical Technician) certified at the intermediate and/or paramedic level or I agree to attend EMT (Emergency Medical Technician) training and become certified at the intermediate and/or paramedic level within the timeframe specified by the Fire Chief as specified herein.

(Emphasis added). The COE Agreement also provided that if Saifi failed to satisfactorily complete his training and qualify for state certification, he would be in default and automatic resignation and forfeiture of his position as a firefighter would result.

Saifi obtained intermediate paramedic certification in 2010. However, when Saifi was unable to complete a national registry test to enable him to obtain his paramedic certification, Fire Chief Joseph A. Gorman terminated his employment on December 2, 2011.

Relying on the contract language highlighted above, Saifi asserted that he was not required to pass the national registry test as a condition of employment because he had not passed the prerequisite HOBET test, COMPASS test, or a similar placement test before he was hired.[1] Saifi attempted to invoke the administrative appeal process under the Texas Local Government Code, but was informed that because his termination was for breach of the COE and thus was non-disciplinary, his termination was unappealable under the Civil Service Act.

---

[1] Documents in the record reflect that "HOBET" stands for "Health Occupations Basic Entrance Test" and that the test "measures basic essential skills in the academic content area domains of reading, mathematics, science and English and language usage." COMPASS appears to be a placement test used to evaluate students' abilities in general subjects including reading, writing, and mathematics.

In March 2013, Saifi filed suit against the City, alleging breach of contract and violation of the Civil Service Act, and requesting declaratory relief. Among other things, Saifi sought reinstatement, restoration of his seniority, and back pay for wrongful termination. Saifi also alleged that sovereign immunity was waived under Chapter 37 of the Civil Practice and Remedies Code and section 271.152 of the Texas Local Government Code or, alternatively, section 180.006 of the Local Government Code.

In response, the City filed a motion to dismiss for lack of subject matter jurisdiction. In the motion, the City asserted a plea to the jurisdiction, arguing that the trial court lacked subject matter jurisdiction because Saifi "failed to establish justiciable claims" and that governmental immunity barred Saifi's claims. Following a hearing, the trial court signed an order granting the City's plea to the jurisdiction on June 20, 2013. Saifi filed a motion for new trial which was overruled by operation of law. This appeal followed.

### ANALYSIS OF THE ISSUES

Saifi contends that the trial court erred in granting the City's plea to the jurisdiction and dismissing his claims for breach of contract, violation of his constitutional rights, declaratory relief, and back pay. The City disputes Saifi's assertion and, as a threshold matter, argues that this court lacks jurisdiction to hear Saifi's appeal.

### I.     Appellate Jurisdiction

We first address the City's contention that Saifi's failure to timely perfect his appeal deprives this court of jurisdiction. The City argues that because the trial court's June 20, 2013 order was interlocutory, the appeal is accelerated and Saifi's filing of a motion for new trial did not extend the deadline for filing a notice of

appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); *City of Houston v. ATSER, L.P.*, 403 S.W.3d 354, 357 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).[2] Consequently, the City asserts that Saifi's appeal, filed September 17, 2013, is untimely.

As a general rule, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). One exception to this general rule is section 51.014(a)(8), which expressly provides for appeal of an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). Appeals from interlocutory orders allowed by statute are among the types of orders that are accelerated. Tex. R. App. P. 28.1(a). In an accelerated appeal, "the notice of appeal must be filed within 20 days after the judgment or order is signed." Tex. R. App. P. 26.1(b). Here, the City assumes that the trial court's order is interlocutory and, because Saifi did not file his notice of appeal within 20 days, this court lacks jurisdiction to hear the appeal. The City's assumption is incorrect.

*Lehmann* instructs that a judgment issued without a conventional trial is final for purposes of appeal if it actually disposes of all claims and parties before the court, regardless of its language. *See Lehmann*, 39 S.W.3d at 200. Although the trial court's order does not include express language of finality, it reflects that the trial court granted the City's plea to the jurisdiction "in its entirety" against Saifi and was followed by a motion for new trial. The City does not contend that any

---

[2] The City also appears to suggest that even if Saifi's motion for new trial extended the deadline for filing the notice of appeal to 90 days, *see* Tex. R. App. P. 26.1(a), Saifi's notice was still untimely because it was filed "94 days after the entry of judgment," apparently referring to the trial court's announcement that it was granting the City's motion to dismiss on June 18, 2013. However, Rule 26.1 clearly states that the appellate timetable is calculated from the date the judgment is signed. *Id.* The trial court's judgment was signed June 20, 2013, and Saifi's appeal was filed on September 17, 2013.

parties or claims remained after the trial court signed the order granting the plea, and the record shows that the order was intended to be a final judgment because Saifi and the City were the only parties to the lawsuit and the order disposed of all of Saifi's claims.

Additionally, the City's reliance on *City of Houston v. ATSER* is misplaced, because that case involved the *denial* of a plea to the jurisdiction and a subsequent motion for summary judgment raising the same issues. *See City of Houston*, 403 S.W.3d at 357 (explaining that "[i]n order for a party to be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge"); *see also Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (explaining that an interlocutory appeal may be taken when a governmental entity's motion to dismiss for lack of jurisdiction is denied, but if the court grants the motion, the plaintiff may take an appeal once that judgment becomes final). In this case, the City's plea was granted, not denied, and the trial court's order effectively ended the case in that court once Saifi's motion for new trial was overruled by operation of law and the judgment became final.

Because Saifi appeals from a final judgment disposing of all parties and claims before the trial court, the City is incorrect that the judgment is interlocutory and subject to an accelerated appellate timetable. Further, the record reflects that Saifi timely filed his notice of appeal from the trial court's order granting the City's plea to the jurisdiction. Therefore, this Court has jurisdiction to consider Saifi's appeal.

## II. Saifi's Issues on Appeal

The central issue in this case is whether the City's governmental immunity bars Saifi's claims. In its plea to the jurisdiction, the City argued that the trial court lacked subject matter jurisdiction over Saifi's claims because Saifi "has no

6

justiciable interests" and that sovereign immunity barred Saifi's claims. On appeal, the City's primary argument is that Saifi's claims are not justiciable because "there is no live controversy between the parties." *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("[F]or a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought.").[3] The City asserts that Saifi "erroneously attempts to manufacture a factual dispute" by arguing that his pre-employment coursework "does not meet the requirements of the COE Agreement's language regarding [a] 'similar test' when compared to the HOBET or COMPASS tests." As we understand this assertion, the City is arguing that the trial court was entitled to conclude, based on the City's arguments and evidence, that Saifi's pre-employment course work satisfied the "similar placement test" language of the COE Agreement and therefore no fact dispute—and thus no "live controversy"—existed concerning the COE Agreement to adjudicate.

On appeal, Saifi argues that Chapter 271 of the Local Government Code expressly waives the City's governmental immunity over his contract dispute with the City and, further, the City's merits-based argument is not properly resolved on a plea to the jurisdiction. Specifically, Saifi contends that the COE Agreement provides that he could be required to obtain paramedic certification only if he had passed a HOBET test, COMPASS test, or "similar placement test specific to Para medicine and/or Paramedic certification" prior to his employment, and he alleges that he has not passed such a test. Therefore, Saifi argues that this fact question is

---

[3] On appeal, the City notes that "[i]ssues of justiciability, such as mootness, ripeness, and standing, implicate a court's subject matter jurisdiction." *See City of Galveston v. Galveston Mun. Police Ass'n*, No. 14-11-00192-CV, 2011 WL 4920885, at *2, (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (mem. op.) (citations omitted). However, the City does not expressly rely on the justiciability doctrines of mootness, ripeness, or standing anywhere in its brief.

irrelevant to the jurisdictional analysis and must be decided on the merits by the fact finder.

Saifi also argues that the trial court has jurisdiction over his other claims because governmental immunity does not bar Saifi's claim that the City's termination of his employment violated his constitutional right to continued employment under the Civil Service Act; the Uniform Declaratory Judgments Act (UDJA) waives the City's immunity for the purpose of resolving the parties' dispute concerning the interpretation of the COE Agreement and Saifi's request for reinstatement; and  section 180.006 of the Local Government Code expressly waives the City's immunity as to Saifi's claim for back pay. In response, the City argues that sovereign immunity is not waived under any of the grounds Saifi has alleged. We address the parties' arguments as necessary to dispose of this appeal.

### A.    Standard of Review and Applicable Law

Under the common-law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Sovereign immunity refers to the state's immunity from both suit and liability and protects the state and its divisions, while governmental immunity protects political subdivisions of the state, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review de novo a trial court's ruling on a plea to the jurisdiction. *Id.* at 228.

A challenge to a trial court's subject matter jurisdiction may be asserted in a plea to the jurisdiction. *Id.* A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims

8

asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the initial burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating the court's jurisdiction. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction but do not reveal incurable defects, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

When the governmental entity challenges the existence of jurisdictional facts, and the parties submit evidence relevant to the jurisdictional challenge, we consider that evidence when necessary to resolve the jurisdictional issues raised. *Id.* at 227. When the jurisdictional issues implicate the merits of the plaintiff's claims, the standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228. We take as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227–28. But, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue,

9

then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

**B.      Is Governmental Immunity Waived for Saifi's Claims?**

*1.      Waiver of Governmental Immunity under Local Government
Code Section 271.152*

Saifi contends that the City's governmental immunity is waived under section 271.152 of the Local Government Code, which provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

Tex. Loc. Gov't Code § 271.152. To meet the definition of a "contract subject to this subchapter," the contract must: (1) be in writing; (2) state the essential terms of the agreement; (3) provide for goods and services to the local governmental entity; and (4) be executed on behalf of the local governmental entity. *Williams*, 353 S.W.3d at 135 (citing Tex. Loc. Gov't Code § 271.151(2)).

In his petition, Saifi alleged that the City is governed by the Civil Service Act and is a party to a series of CBAs with the fire fighters' union. Saifi also alleged that at the time he was hired by the City, the governing CBA authorized modifications to the Civil Service Act's statutory scheme of employment and that, in relevant part, the COE Agreement he signed when he was hired by the City modified the paramedic certification requirement he challenged in his lawsuit. It is undisputed that Saifi alleged in his petition that the City's immunity was waived under section 271.152, the City is a local government entity that is authorized by statute or the constitution to enter into a contract, and Saifi executed the COE Agreement when he was hired by the City. The dispute centers on whether the COE Agreement meets the definition of a "contract subject to this this subchapter."

10

### a. Existence of "a contract subject to this subchapter"

On appeal, Saifi argues that the COE Agreement, read together with the CBA and incorporated Civil Service Act provisions, constitutes a written contract stating the essential terms of the agreement between Saifi and the City for Saifi to provide firefighting services to the City. Saifi also asserts that the CBA is executed on behalf of the City, and it is unnecessary for the COE Agreement to be separately signed for his contract to be executed for purposes of section 271.152. In support of his argument, Saifi primarily relies on the Supreme Court of Texas's decision in *City of Houston v. Williams*, 353 S.W.3d at 134–143.

In *Williams*, the court considered whether city ordinances read together constituted a contract between the city and its firefighters for purposes of section 271.152. *See id.* at 135–139. After examining the ordinances in detail, the court determined that the ordinances constituted a unilateral employment contract with the city within the waiver of section 271.152, which the firefighters accepted by performing their jobs. *Id.* at 137–39. Similarly, Saifi argues that governmental immunity is waived for his breach of contract claim against the City because the COE Agreement and the CBA read together constitute a contract for purposes of the statutory waiver. *See id.* at 137 ("It is 'well-established law that instruments pertaining to the same transaction may be read together to ascertain the parties' intent.'") (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000)).

In his petition, Saifi described the City's authority under the CBA to alter the Civil Service Act's employment scheme, as reflected in the COE Agreement, but he did not expressly allege the theory that the COE Agreement and the CBA together constitute a contract for purposes of section 271.152. On appeal, the City does not respond to Saifi's theory. Instead, the City argues that the COE

11

Agreement alone does not satisfy the requirements of section 271.152's waiver because it is not signed by a representative of the City and does not contain "all the essential terms of the agreement of employment such as benefits, salary[,] and leave provisions." *See Williams*, 353 S.W.3d at 138–39 (stating that essential terms may include the time of performance, the price to be paid, and the service to be rendered, and in the context of employment agreements, may typically include "compensation, duties or responsibilities").

In making its argument, the City concedes, however, that the essential terms of the contract "are found in the CBA," which "authorizes the City to determine hiring prerequisites and conditions of employment as are stated in the COE [Agreement]."[4] Moreover, the City does not dispute Saifi's assertion that the COE Agreement and CBA, read together, constitute a written contract stating the essential terms of an agreement for providing firefighting services to the City and is properly executed on the City's behalf. *See* Tex. Loc. Gov't Code § 271.151(2)(A). Because Saifi's pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction under section 271.152 but do not reveal incurable defects, we conclude that Saifi should be allowed an opportunity to amend his pleadings and develop the record with respect to his contention that his COE Agreement, read together with the CBA and incorporated Civil Service Act provisions, satisfies the requirements for waiver of the City's immunity under section 271.152. *See Miranda*, 133 S.W.3d at 226–27.

> ### b. *Jurisdictional or merits-based evidence*

---

[4] The City directs us to a document appended to its brief, which it contends is a copy of the 2005-2009 CBA; however, this document was not made a part of the record below. We do not consider documents attached to an appellate brief that are not part of the appellate record. *Ramex Constr. Co. v. Tamcon Servs., Inc.*, 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Likewise, we do not consider documents attached to Saifi's appellate briefing that do not appear in the record.

The City contends that the evidence it submitted in support of its plea was jurisdictional evidence implicating the merits of Saifi's breach of contract claim, and therefore the trial court properly reviewed the evidence to determine if a fact issue existed "as a question of law." *See Hendee v. Dewhurst*, 228 S.W.3d 354, 367 (Tex. App.—Austin 2007, pet. denied) (explaining that, when a jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea includes evidence, a standard of review mirroring that of a summary judgment is applied, citing *Miranda*, 133 S.W.3d at 227–28). Saifi responds that the City's arguments and evidence focus on defensive matters which bear only on the merits of his claims and are not appropriate for resolution in a plea to the jurisdiction. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554 (stating that a plea to the jurisdiction "should be decided without delving into the merits of the case").

The purpose of a plea to the jurisdiction is "to defeat a cause of action without regard to whether the claims asserted have merit." *Id.* at 554. Moreover, under section 271.152, a local government entity that enters into a contract satisfying the statutory requisites "waives sovereign immunity to suit for the purpose of *adjudicating a claim for breach of the contract*." *See* Tex. Loc. Gov't Code § 271.152 (emphasis added). Courts that have considered this language have declined to address the merits of a plaintiff's breach of contract claim if the contract falls within the provisions of the statute. *See, e.g.*, *City of Houston v. So. Elec. Servs., Inc.*, 273 S.W.3d 739, 744–45 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("To observe that the claim will fail does not deprive the trial court of jurisdiction to hear it—or in the Legislature's own words, 'adjudicate' it."); *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App.—Dallas 2008, pet. denied) (stating that "our only concern on appeal is whether the City's immunity from suit has been waived under the local government code" and

13

declining to address the merits of the breach of contract claim).

The City argues that the trial court was entitled to conclude as a matter of law that Saifi's pre-employment EMT-basic course work satisfies the "similar placement test" requirement. The City argues that evidence it submitted below establishes the following: (1) Saifi's pre-employment EMT-basic course work exceeded the difficulty of either the HOBET or COMPASS tests; (2) it is "reasonable to infer" that Fire Chief Gorman, who issued the offer of employment to Saifi, determined that Saifi's EMT-basic course work was sufficient to satisfy the "similar placement test" language of the COE Agreement because otherwise he would not have offered Saifi employment; and (3) Saifi's behavior demonstrated that he understood and believed he was required to obtain his paramedic certification because "only at the last hour" and when facing termination did Saifi report that he we not required to obtain paramedic certification. The City also argues that "the issue of Saifi's pre-employment training was presented and comparative examples of each course exam were presented to the trial court" during oral argument. Consequently, the City urges, Saifi is attempting to get "another bite at the apple" when "in fact the trial court considered Saifi's training as part of the proceedings and still dismissed Saifi's claims."

The crux of Saifi's breach of contract claim on the merits is that the COE Agreement required only those new hires that had passed a HOBET test, COMPASS test, or "similar placement test specific to Para medicine and/or Paramedic certification" to obtain paramedic certification, and that Saifi had never passed any such placement test. The City's arguments and evidence concerning Saifi's alleged conduct and whether his pre-employment EMT-basic coursework suffices as a "similar placement test" are directed to defeating Saifi's claim on the merits and are unrelated to the relevant jurisdictional facts, which are limited to

14

whether the City entered into a contract with Saifi that waives sovereign immunity under section 271.152. In effect, the City argues that Saifi's breach of contract claim is not justiciable because it fails on the merits, but whether the claim is meritorious—an issue we do not address—does not mean that the trial court lacks subject matter jurisdiction to adjudicate it. *See So. Elec. Servs., Inc.*, 273 S.W.3d at 744–45; *PKG Contracting, Inc.*, 263 S.W.3d at 447–48. We reject the City's suggestion otherwise.

### c. The City's remaining arguments

The City also argues that section 271.152 is "preempted" by the CBA and COE Agreement. According to the City, although Saifi seeks adjudication of a contract dispute, Saifi's COE Agreement is "subservient to the CBA between the City and the parties" and Saifi has not alleged a breach of the CBA. No substantive argument accompanies this assertion, and the City does not cite to the record or any supporting authorities in support of this assertion. We conclude that the City's argument is inadequately briefed, and therefore we do not address it. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.); Tex. R. App. P. 38.1(i).

The City also contends that section 271.152 is "impliedly contradicted" by section 180.006, which waives sovereign or governmental immunity for specified types of claims for back pay urged by civil service firefighters and police officers. *See* Tex. Local Gov't. Code § 180.006. Again, this argument is not accompanied by substantive argument or authorities. To the extent the City is urging that the two provisions are irreconcilable, however, the supreme court rejected this notion in *Williams*. *See* 353 S.W.3d at 141–43 (concluding that the two statutes provide distinct, yet coexistent waivers of immunity).

The City next argues that Saifi's claims must be dismissed because chapter

15

143 of the Local Government Code provides no right of appeal for non-disciplinary terminations. In support of this contention, the City relies on *Jackson v. City of Texas City*, a superficially similar case involving Texas City fire fighters who, like Saifi, also challenged their terminations for failing to complete the EMT certification requirements contained in their COE agreements. *See* 265 S.W.3d 640 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). In *Jackson*, the fire fighters argued that their terminations should have been deemed disciplinary rather than non-disciplinary so that they could invoke chapter 143's administrative appeal procedures for disciplinary grievances. *See id.* at 647–648. The court concluded that the firefighters' dismissals for failing to fulfill the conditions of their employment did not fall under any of the specifically enumerated grounds for which the Civil Service Act provides a right to an administrative appeal. *Id.* at 648. Accordingly, the court held that the firefighters "failed to state a justiciable claim for relief because the Act does not apply to their termination" and affirmed the trial court's grant of the city's plea to the jurisdiction. *Id.* at 649.

The City argues that *Jackson* likewise requires this Court to affirm the trial court's ruling on its plea to the jurisdiction. According to the City, Saifi is merely attempting to recast a failed civil service appeal as a breach of contract and declaratory judgment claim because Chief Gorman discharged Saifi for non-disciplinary reasons. However, Saifi does not seek a chapter 143 disciplinary appeal; moreover, *Jackson* did not address section 271.152 as an alternate basis for waiver of sovereign immunity. Because we conclude that Saifi is entitled to a remand to further develop his jurisdictional theory that the COE Agreement and the CBA, read together, constitute a contract for purposes of section 271.152, the City's argument that *Jackson* is dispositive is misplaced.

Finally, the City contends that any dispute or claims Saifi may allegedly

16

have are waived under the CBA. The City points to portions of the CBA providing that the City has the right to determine and establish pre-employment employee qualifications, standards, and terms and conditions of employment. The City argues that "[b]y entering into the CBA, the parties agreed that its provisions take precedence over the applicable sections of the Texas Local Government Code whenever the provisions of the contract are in conflict." The City suggests that because Saifi failed to pursue—and thus waived—the CBA's grievance procedures, and instead sought a chapter 143 appeal to which he was not entitled, he should not be allowed to recast his appeal as a contract claim in district court to circumvent the process.[5] However, Saifi does not pursue a civil service violation claim on appeal, and the City does not direct us to any evidence or authority to support the contention that the CBA's grievance procedures would apply to Saifi's contract dispute. Nor does the City explain how the CBA would otherwise preclude Saifi's assertion that the City's immunity is waived under Local Government Code section 271.152.

In sum, we sustain Saifi's issue to the extent that the trial court granted the City's plea to the jurisdiction based on Local Government Code section 271.152, and we reverse and remand the case for further proceedings concerning Saifi's breach of contract claim.

---

[5] To support its argument that Saifi's own conduct should preclude the application of section 271.152, the City cites *Donna Indep. Sch. Dist. v. Gracia*, 286 S.W.3d 392 (Tex. App.—Corpus Christi 2008, no pet.). In that case, Gracia was terminated from his position and requested a hearing pursuant to the Texas Education Code. *Id.* at 393. Before the hearing, Gracia entered into a settlement agreement with the school district. *Id.* Gracia later sued the school district for breach of the settlement agreement. *Id.* The court held that the school district's sovereign immunity was not waived under section 271.152 because Gracia settled while his case was pending in the statutory administrative process. *See id.* at 395. The present case is distinguishable, however, because Saifi's breach of contract claim is not based on a settlement agreement entered into while an administrative proceeding was pending concerning a dispute in which sovereign immunity had not been waived.

17

## 2. *Constitutional Violation*

Saifi also contends that he has a right to continued employment under the Civil Service Act that is a vested property right under Article I, section 19 of the Texas Constitution,[6] which the City deprived him of without due course of law when it terminated him in violation of the terms of the COE Agreement. Saifi argues that the Civil Service Act provides for continued tenure absent misconduct after the probationary period has been satisfactorily completed, and that it is undisputed that Saifi had completed his probationary period and was a full-fledged civil service firefighter. Saifi maintains that the trial court had jurisdiction to hear and resolve his constitutional claim.

In his original petition, Saifi did not allege a constitutional deprivation of a protected property right without due course of law, but the issue was raised during the hearing on the City's motion to dismiss. Our supreme court has held that a party waives an unpleaded constitutional basis for judicial review even if it was raised and argued at the hearing on the plea. *See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 405 (Tex. 2000). Applying this precedent, we likewise hold that Saifi has waived his constitutional claim, and the trial court did not err by dismissing it.

## 3. *Declaratory Judgment*

In the portion of his petition seeking declaratory relief, Saifi alleged that he sought a declaratory judgment "construing the [COE] Agreement and declaring that he is not in breach of said Agreement." Saifi also seeks a declaration that he is entitled to reinstatement and continued employment absent just cause. Saifi argues

---

[6] Article I, section 19 of the Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of law of the land." Tex. Const. art. I, § 19.

that governmental immunity has been waived with respect to his declaratory judgment claims because one of the express uses for the UDJA is for resolution of contract disputes.

The UDJA is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *See* Tex. Civ. Prac. & Rem. Code § 37.002(b); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The UDJA provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code § 37.004(a). Although the UDJA waives sovereign immunity for challenges to the validity and interpretation of a statute or ordinance, it is not a general waiver of sovereign immunity. *See City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011); *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633–35 (Tex. 2010); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). The UDJA "does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature." *IT-Davy*, 74 S.W.3d at 855.

Declaratory judgment suits to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are types of suits that may not be maintained against a state or governmental entity absent a statutory waiver or legislative consent. *See id.* at 855–56; *Multi-Cnty. Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 908 (Tex. App.—Houston [14th Dist.] 2010,

19

pet. denied). Moreover, the underlying nature of a plaintiff's contract claim is not altered simply because the plaintiff seeks to prevent the governmental entity from continuing an alleged breach of contract in the future rather than seeking monetary damages for a breach that may have occurred in the past. *Multi-Cnty. Water Supply Corp.*, 321 S.W.3d at 909.

Saifi acknowledges that the City's immunity is not waived as to his request for money damages, but he maintains that under the UDJA the trial court has jurisdiction to resolve the parties' dispute over their competing interpretations of the same contractual provision and Saifi's request for reinstatement. Because Saifi's requested relief may be sought in connection with his breach of contract claim if he establishes on remand that the City's immunity is waived under Local Government Code section 271.152, as discussed above, we conclude it is unnecessary to reach this issue. However, to the extent Saifi contends that he may separately seek declarations that he is not in breach of the COE and is entitled to reinstatement, the UDJA does not waive the City's immunity for the requested relief. *See IT-Davy*, 74 S.W.3d at 855; *Multi-Cnty. Water Supply Corp.*, 321 S.W.3d at 909; *see also City of Dallas v. Turley*, 316 S.W.3d 762, 771 (Tex. App.—Dallas 2010, pet. denied) (holding that trial court erred in denying city's plea to the jurisdiction because plaintiff's claims for declaratory relief did not challenge the validity of a city ordinance and were made against the city itself).[7]

---

[7] In his reply brief, Saifi contends that the UDJA waives the City's immunity regarding his request for reinstatement, citing *City of Forth Worth v. Jacobs*, 382 S.W.3d 597 (Tex. App.—Fort Worth 2012, pet. dism'd) and *City of Aspermont v. Rolling Plains Groundwater Conservation Dist.*, 258 S.W.3d 231 (Tex. App.—Eastland 2008), *aff'd*, 353 S.W.3d 756 (Tex. 2011). Both are distinguishable. In *City of Aspermont*, the court held that the city's immunity was waived as to the conservation district's declaratory judgment action requesting that the trial court construe certain legislation and declare that the city was required to comply with applicable rules and regulations. 258 S.W.3d at 236. In *Jacobs*, the court held that the trial court had jurisdiction over Jacobs' claims for equitable relief based on state constitutional violations—not the UDJA. 258 S.W.3d at 600–01. Here, Saifi failed to allege any constitutional claim and he

Accordingly, the trial court did not err by dismissing Saifi's declaratory judgment claims for lack of jurisdiction.

### 4. Claim for Back Pay under Section 180.006

Saifi next contends that the City's governmental immunity is waived under section 180.006 of the Local Government Code because he is a firefighter covered by Chapter 143 who has alleged a claim for back pay. In relevant part, section 180.006 provides:

(a) This section applies only to a firefighter or police officer covered by:

(1) Chapter 141, 142, or 143 or this chapter;

(2) a municipal charter provision conferring civil service benefits of a municipality that has not adopted Chapter 143; or

(3) a municipal ordinance enacted under Chapter 142 or 143.

(b) A firefighter or police officer described by Subsection (a) who alleges the employing municipality's denial of monetary benefits associated with the recovery of back pay authorized under a provision listed in Subsection (a) or a firefighter described by Subsection (a) who alleges the denial of monetary civil penalties associated with recovery of back pay owed under Section 143.134(h) may seek judicial review of such denial only as provided in Subsections (e) and (f), provided that if there is no applicable grievance, administrative or contractual appeal procedure available under Subsection (e), the firefighter or police officer may file suit against the employing municipality directly in district court under the preponderance of the evidence standard of review.

(c) Sovereign and governmental immunity of the employing municipality from suit and liability is waived only to the extent of liability for the monetary benefits or monetary civil penalties described by Subsection (b). This section does not waive sovereign or governmental immunity from suit or liability for any other claim, including a claim involving negligence, an intentional tort, or a

does not challenge the validity or interpretation of any statute or municipal ordinance.

21

contract unless otherwise provided by the statute.

. . .

e) Before seeking judicial review as provided by Subsection (b), a firefighter or police officer must initiate action pursuant to any applicable grievance or administrative appeal procedures prescribed by state statute or agreement and must exhaust the grievance or administrative appeal procedure.

(f) If judicial review is authorized under statute, judicial review of the grievance or administrative appeal decision is under the substantial evidence rule, unless a different standard of review is provided by the provision establishing the grievance or administrative appeal procedure.

Tex. Local Govt. Code § 180.006. Saifi claims that he was a firefighter covered by chapter 143 at the time he was terminated, he lost wages he would have earned from continued employment with the City, and no grievance procedure or administrative appeal is available to him.

It is undisputed that Saifi was a firefighter covered under Chapter 143, as subsection (a) requires. *See id.* § 180.006(a). But the statute does not provide a broad waiver of immunity for all claims in which a covered firefighter or police officer seeks back pay. The waiver of immunity is limited to two types of claims:

- the employing municipality's denial of monetary benefits associated with the recovery of back pay authorized under a provision listed in Subsection (a), or

- the denial of monetary civil penalties associated with recovery of back pay owed under Section 143.134(h).[8]

---

[8] Section 143.134(h) provides that if a firefighter files a grievance that is resolved in his favor and the department head does not implement the relief granted to the firefighter within 10 days after the date in which the decision is issued, the municipality shall pay the firefighter $1,000 for each day after the 10-day period that the decision is not yet implemented. *See* Tex. Local Gov't. Code § 143.134(h).

*See id.* § 180.006(b). The statute makes clear that governmental immunity is waived only to the extent of liability for the "monetary benefits or monetary civil penalties" described by subsection (b), and that governmental immunity is not waived for any other claim, including "a claim involving . . . a contract," unless otherwise provided by the statute. *See id.* § 180.006(c).

In his petition, Saifi alleged only that the City's immunity was expressly waived under the statute; no administrative procedure was available to him; and all conditions precedent to his recovery have been performed or have occurred. Saifi did not allege either (1) that he was denied monetary benefits associated with the recovery of back pay authorized under a provision of Chapter 141, 142, or 143, or (2) that he was denied monetary civil penalties associated with the recovery of back pay owed under section 143.134(h). *See id.* § 180.006(b). And, as the City argues, section 180.006 does not waive immunity for contract-based claims. *See id.* § 180.006(c); *Williams*, 353 S.W.3d at 142 n.13. However, Saifi did plead for lost wages.

On appeal, Saifi contends that he does not rely on section 180.006 to waive the City's immunity as to his contract claims, and he asserts that back pay for lost wages "is clearly a monetary benefit [he] was entitled to absent the City illegally terminat[ing] his employment." Because Saifi's pleadings are deficient but do not affirmatively negate the existence of jurisdiction, we conclude that Saifi is entitled to an opportunity to amend his petition to correct any curable defects on remand. *See Soto v. City of Edinburg*, No. 13-12-00419-CV, 2013 WL 593846, at *2 (Tex. App.—Corpus Christi Feb. 14, 2013, no pet.) (mem. op.); *cf. City of San Antonio v. Caruso*, 350 S.W.3d 247, 251 (Tex. App.—San Antonio 2011, pet. denied) (affirming denial of city's plea to jurisdiction when police officers affirmatively pleaded claims for back pay under a specific provision of chapter 142).

## CONCLUSION

We reverse the trial court's judgment granting the City's plea to the jurisdiction and remand the case for further proceedings consistent with this opinion.

/s/    Ken Wise
        Justice

Panel consists of Justices Boyce, Busby, and Wise.